UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIAN JAMES NORIEGA, | § | |
| DARIUS LATRELL RICHARDSON, | § | |
| individually and on behalf of similarly | § | |
| situated individuals, | § | |
| Plaintiffs, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 3:25-CV-01567-D |
| | § | |
| DALLAS COUNTY, TEXAS, | § | |
| Defendant. | § | |

**DEFENDANT'S RULE 12(b) MOTION**

**TO DISMISS PLAINTIFFS' TEXAS TORT CLAIMS, AND BRIEF**

JOHN CREUZOT
Dallas County Criminal District Attorney

Jason G. Schuette
Assistant District Attorney
Texas State Bar No. 17827020
jason.schuette@dallascounty.org

Joseph W. Spence
Assistant District Attorney
Texas State Bar No. 18913500
joseph.spence@dallascounty.org

Dallas County Criminal District Attorney's Office
Civil Division
500 Elm Street, Suite 6300
Dallas, Texas 75202
Telephone: 214.653.6068
Telecopier: 214.653.6134

ATTORNEYS FOR THE DEFENDANT,
DALLAS COUNTY, TEXAS

**TABLE OF CONTENTS**


TABLE OF AUTHORITIES ........ iii

I. SUMMARY OF THE MOTION ........ 1

II. BACKGROUND AND RELEVANT PROCEDURAL HISTORY ........ 1

III. ARGUMENT AND AUTHORITIES ........ 4

A. Standard of Review ........ 4

B. Governmental (Sovereign) Immunity Under the Texas Tort Claims Act ........ 5

C. The Court should dismiss with prejudice Plaintiffs' false imprisonment claims because the County has governmental immunity. ........ 6

D. The Court should dismiss with prejudice Plaintiffs' "negligence" claims because the County has governmental immunity. ........ 8

1. Plaintiffs' "negligence" claims are actually intentional tort claims. ........ 8

2. Even if viewed as "negligence" claims, Plaintiffs fail to allege facts that avoid the County's governmental immunity. ........ 9

3. Allegations of the errant use of information fail to waive immunity. ........ 11

4. Allegations of negligent supervision and training fail to plead a waiver of the County's immunity. ........ 11

5. Allegations of failure to implement policy or of negligent implementation of policy fail to plead a waiver of immunity. ........ 12

IV. CONCLUSION ........ 15

CERTIFICATE OF SERVICE ........ 16

## TABLE OF AUTHORITIES

**Cases**

*Amador v. San Antonio State Hosp.*,
993 S.W.2d 253 (Tex. App.—San Antonio 1999, pet. denied) ........ 14

*Austin v. Hood County*,
No. 3:06-CV-1997-D, 2007 WL 1544379 (N.D. Tex. May 29, 2007) ........ 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 5

*Campbell v. Peña*,
No. 3:23-CV-2232-B, 2024 WL 3841517 (N.D. Tex. Aug. 15, 2024) ........ 8

*City of Garland v. Rivera*,
146 S.W.3d 334 (Tex. App.—Dallas 2004, no pet.) ........ 12

*City of San Antonio v. Hernandez*,
53 S.W.3d 404 (Tex. App.—San Antonio 2001, pet. denied) ........ 14

*City of Sugarland v. Ballard*,
174 S.W.3d 259 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ........ 14

*Crenshaw v. Anderson*,
No. 3:24-CV-731-L, 2025 WL 725270 (N.D. Tex. Mar. 6, 2025) ........ 5

*Dallas Cnty. Mental Health & Mental Retardation v. Bossley*,
968 S.W.2d 339 (Tex. 1998) ........ 10, 13

*Eastland Cnty. Coop. Dispatch v. Poyner*,
64 S.W.3d 182 (Tex. App.—Eastland 2001, pet. denied) ........ 12

*Gipson v. City of Dallas*,
247 S.W.3d 465 (Tex. App.—Dallas 2008, pet. denied) ........ 11

*Gordon v. Neugebauer*,
57 F. Supp. 3d 766 (N.D. Tex. 2014) ........ 7

*Gordon v. Neugebauer*,
No. 1:14-CV-0093-J, 2014 WL 5531734 (N.D. Tex. Oct. 31, 2014) ........ 5

*Harris Cnty., Tex. v. Cabazos*,
177 S.W.3d 105 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ........ 8

*Harris County v. Sykes*,
136 S.W.3d 635, 638 (Tex. 2004) ........ 5

*Hernandez v. City of Lubbock*,
253 S.W.3d 750 (Tex. App.—Amarillo 2007, no pet.) .......... 14

*Hill v. Univ. of Tex. Health Ctr.*,
No. 12-02-00084-CV, 2002 WL 31323517
(Tex. App.—Tyler Oct. 9, 2002, pet. denied).......... 13

*Lewis v. City of Fort Worth*,
No. 24-10657, 2024 WL 5339854 (5th Cir. Aug. 26, 2024) .......... 7

*Lewis v. City of Fort Worth*,
No. 4:24-CV-553-O-BP, 2024 WL 3362478 (N.D. Tex. July 10, 2024) .......... 7

*Lewis v. City of Fort Worth*,
No. 4:24-CV-553-O-BP, 2024 WL 3363017 (N.D. Tex. June 24, 2024).......... 7

*Lincoln v. Ellis Cnty., Tex.*,
No. 3:22-CV-1955-L-BN, 2025 WL 1504307 (N.D. Tex. May 23, 2025) .......... 6

*Lincoln v. Ellis Cnty., Tex.*,
No. 3:22-CV-1955-L-BN, 2025 WL 1508618 (N.D. Tex. Apr. 7, 2025).......... 6, 7

*Martinez v. State*,
No. 13-10-00076-CV, 2011 WL 861059
(Tex. App.—Corpus Christi-Edinburg Mar. 10, 2011, no pet.).......... 12

*Martinez v. Zapata Cnty.*,
No. 5:23-CV-00050, 2024 WL 1315898 (S.D. Tex. Mar. 27, 2024) .......... 8

*Matthews v. Green*,
No. 23-10178, 2024 WL 448352 (5th Cir. Feb. 6, 2024) .......... 7

*Paterson v. Weinberger*,
644 F.2d 521 (5th Cir. May 1981) .......... 4

*Perez v. City of Dallas*,
180 S.W.3d 906 (Tex. App.—Dallas 2005, no pet.).......... 12, 13

*Ramming v. United States*,
281 F.3d 158 (5th Cir. 2001) .......... 4

*Saenz v. City of El Paso*,
637 F. App'x 828 (5th Cir. 2016) .......... 9

*Salcedo v. El Paso Hosp. Dist.*,
659 S.W.2d 30 (Tex. 1993).......... 13

*Taylor v. Univ. of Tex. Health Ctr.*,
No. 12-01-00381-CV, 2002 WL 31323413
(Tex. App.—Tyler Oct. 9, 2002, pet. denied) ........ 11

*Tenorio v. City of Kyle, Tex.*,
No. A-17-CV-01116-SS, 2018 WL 2137123 (W.D. Tex. Feb. 2, 2018) ........ 4

*Tex. Dep't of Mental Health & Mental Retardation v. Lee*,
38 S.W.3d 862 (Tex. App.—Fort Worth 2001, pet. denied) ........ 14

*Tex. Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004) ........ 5

*Tex. Dep't of Pub. Safety v. Petta*,
44 S.W.3d 575 (Tex. 2001) ........ 11

*Tex. Parks & Wildlife Dep't v. Garrett Place, Inc.*,
972 S.W.2d 140 (Tex. App.—Dallas 1998, no pet.) ........ 10

*Thomas v. State*,
294 F. Supp. 3d 576 (N.D. Tex. 2018) ........ 7

*Univ. of Tex. Med. Branch Hosp. v. Hardy*,
2 S.W.3d 607 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) ........ 14

*Univ. of Tex. Med. Branch v. York*,
871 S.W.2d 175 (Tex. 1994) ........ 11

*Wal-Mart Stores, Inc. v. Rodriguez*,
92 S.W.3d 502 (Tex. 2002) ........ 7

*White v. Texas*,
No. 23-11190, 2024 WL 1826245 (5th Cir. Apr. 26, 2024) ........ 7

*White v. Texas*,
No. 4:23-CV-00925-P, 2023 WL 8074126 (N.D. Tex. Nov. 21, 2023) ........ 7

*White v. Texas*,
No. 4:23-CV-00925-P, 2023 WL 8518211 (N.D. Tex. Oct. 25, 2023) ........ 7

*Wichita Falls State Hosp. v. Taylor*,
106 S.W.3d 692 (Tex. 2003) ........ 5

*Young-Trezvant v. Lone Star Coll. Sys.*,
No. 23-20551, 2024 WL 2794483 (5th Cir. May 31, 2024) ........ 5

*Young-Trezvant v. Lone Star Coll. Sys.*,
No. 24-6602, 2025 WL 1211812 (U.S. Apr. 28, 2025) ........ 5

**Statutes**

Tex. Civ. Prac. & Rem. Code § 101.021 .......................................................................... 6, 9

Tex. Civ. Prac. & Rem. Code § 101.057(2)........................................................................... 6

Tex. Civ. Prac. & Rem. Code §§ 101.101–101.109 ........................................................... 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIAN JAMES NORIEGA,<br>DARIUS LATRELL RICHARDSON,<br>individually and on behalf of similarly<br>situated individuals,<br>Plaintiffs,<br><br>v.<br><br>DALLAS COUNTY, TEXAS,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>3:25-CV-01567-D |

**DEFENDANT'S RULE 12(b) MOTION
TO DISMISS PLAINTIFFS' TEXAS TORT CLAIMS, AND BRIEF**

TO THE HONORABLE COURT:

Defendant, Dallas County, Texas (the "County"), pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, files its motion to dismiss Plaintiffs' Texas tort claims.[1]

## I. SUMMARY OF THE MOTION

Plaintiffs' Texas false imprisonment and "negligence" claims must be dismissed because Plaintiffs fail to plead nonconclusory facts that, if true, would establish an express waiver of the County's governmental immunity from suit. Therefore, this Court does not have subject-matter jurisdiction over Plaintiffs' Texas tort claims, and the County is entitled to their dismissal.

## II. BACKGROUND AND RELEVANT PROCEDURAL HISTORY

Plaintiffs filed suit on 18 June 2025, alleging various federal and Texas state law claims in connection with their alleged detentions in the Dallas County jail ("Jail") after their respective legally mandated release dates. Dallas County Judge Clay Jenkins was served with a summons and a copy of Plaintiffs' Complaint (ECF No. 1) ("Compl.") on 20 June 2025. Therefore, this motion to dismiss is timely.

[1] This Motion does not address Plaintiffs' § 1983 claims, which are alleged to arise under the Fourth, Eighth, and Fourteenth Amendments. This motion also does not address Plaintiffs' request for Rule 23(b) class certification.

Plaintiffs, Adrian James Noriega and Darius Latrell Richardson, allege these facts:[2]

**Noriega**: Plaintiffs allege that Noriega pleaded "guilty" to the Texas felony offense of Unlawful Possession of Metal or Body Armor by a Felon, and the Texas felony offense of Possession of a Controlled Substance. The Texas criminal court deferred adjudicating Noriega's guilt, and in November 2022, the court placed Noriega on two (2) years community supervision. Compl. paras. 22-24. Despite multiple modifications of the terms and conditions of Noriega's supervision, Noriega failed to comply. On 10 February 2025, the State of Texas filed a Motion to Revoke Community Supervision or Proceed with an Adjudication of Guilt on both offenses. Noriega was arrested and held in the Jail pending resolution of the State's adjudication motion. *Id.* paras. 25-27. On 14 May 2025, Noriega pleaded "true" to the allegations in the State's motion to adjudicate. The Texas criminal court accepted Noriega's plea, granted the State's motion, and sentenced Noriega to a six-month term in a Texas State Jail facility on both offenses, to run concurrently. *Id.* paras. 28-29. The Texas court granted Noriega "back time" credit of 386 days for the time Noriega had spent in custody, which was sufficient to satisfy fully the six-month jail terms imposed. *Id.* para. 30.

The Dallas County District Clerk's Office prepared a Judgment in both cases on 14 May 2025. The District Clerk sent to the Dallas County Sheriff's Office ("DCSO") the Judgments and associated paperwork that same day. Compl. paras. 31-33. The DCSO then prepared a "pen packet" of required documentation to the Texas Department of Criminal Justice ("TDCJ"). *Id.* para. 34. Plaintiffs concede that they are "unclear" about "the timing and manner" of DSCO's communications with the TDCJ, but aver that the TDCJ did not receive Noriega's papers until 10 June 2025. *Id.* paras. 36-37. Noriega was released from the Jail on 13 June 2025. *Id.* para. 38.

---

[2] The County does not concede the truthfulness of Plaintiffs' factual allegations. Rather, the County recites them for the Court's convenience in determining the merits of the County's motion to dismiss.

**Richardson**: Plaintiffs allege that Richardson pleaded "guilty" to the Texas felony offense of Credit Card Abuse. The Texas criminal court deferred adjudicating Richardson's guilt, and in November 2015, that court placed Richardson on four (4) years community supervision. Compl. paras. 40-44. As with Noriega, despite several modifications of the terms and conditions of community supervision, Richardson failed to comply. On 8 November 2023, the State of Texas filed a Motion to Revoke Community Supervision or Proceed with an Adjudication of Guilt. Richardson was arrested and held in the Jail pending resolution of the State's adjudication motion. *Id.* paras. 45-47. On 2 April 2025, Richardson pleaded "true" to the allegations in the State's motion to adjudicate. The Texas criminal court accepted Richardson's plea, granted the State's motion, and sentenced Richardson to a twelve-month term in a Texas State Jail facility. *Id.* paras. 48-49. The Texas court granted Richardson "back time" credit of 322 days for the time Richardson had already spent in custody. *Id.* para. 50. Given the back-time award of 322 days, Richardson would have discharged his 12-month sentence on 14 May 2025. *Id.* para. 56.

The Dallas County District Clerk's Office prepared a Judgment on 2 April 2025. The District Clerk sent to the DCSO the Judgment and associated paperwork that same day. Compl. paras. 51-53. The DCSO prepared the pen packet of required documentation for the TDCJ, but did not send the packet to the TDCJ until 27 May 2025. *Id.* paras. 57. On 2 June 2025, the TDCJ sent a letter to the DCSO instructing that Richardson should be released on the Credit Card Abuse offense. Richardson was released from the Jail on 4 June 2025. *Id.* paras. 59-60.

Plaintiffs now bring suit against the County, alleging, *inter alia*, Texas common-law tort claims for "false imprisonment" and "negligence." *See* Compl. paras. 124-129, 131-136. With respect to the false imprisonment claims, Plaintiffs allege that the County, through its officials and personnel, "intentionally caused the confinement of Plaintiffs . . . for an unreasonable

amount of time after each of them was legally mandated to be released," and that Plaintiffs were "willfully detained." Compl. paras. 124-125. With respect to the "negligence" claim, Plaintiffs allege that the County, through its officials and employees, "negligently caused the prolonged confinement of Plaintiffs . . . for an unreasonable amount period beyond their legally mandated release dates." Compl. para. 131. Plaintiffs seek money damages. *Id.* para. 137-138.

The County now moves, pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or Rule 12(b)(6), for dismissal with prejudice of both Texas tort claims as to both of the Plaintiffs.

## III. ARGUMENT AND AUTHORITIES

### A. Standard of Review

If correct, the County's contention that Plaintiffs' state-law claims are barred by governmental immunity will deprive this Court of subject matter jurisdiction over those claims. When a defendant files a Rule 12(b)(1) motion to dismiss without supporting evidence, the attack is considered facial. The Court is required to examine the sufficiency of the non-conclusory allegations of the complaint, assuming them to be true. *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. May 1981), *cited in Austin v. Hood County*, No. 3:06-CV-1997-D, 2007 WL 1544379, at *2 (N.D. Tex. May 29, 2007) (Fitzwater, J.) (not reported). The Court must deny the County's motion if Plaintiffs' allegations are sufficient to allege jurisdiction. *See id.* However, "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Some courts, including this Court, have analyzed motions to dismiss Texas state law tort claims on the basis of governmental immunity under Rule 12(b)(6), rather than under Rule 12(b)(1). *See, e.g., Tenorio v. City of Kyle, Tex.*, No. A-17-CV-01116-SS, 2018 WL 2137123, at *3 (W.D. Tex. Feb. 2, 2018) (not reported) (analyzing city's motion to dismiss based upon TTCA section 101.021 under Rule 12(b)(6)); *Crenshaw v. Anderson*, No. 3:24-CV-731-L, 2025

WL 725270, at *1 (N.D. Tex. Mar. 6, 2025) (Lindsay, J.) (slip copy) (accepting the magistrate judge's findings, conclusions, and recommendation to dismiss with prejudice, pursuant to Rule 12(b)(6), plaintiff's TTCA claims for failure to show a waiver of immunity under TTCA section 101.021); *Gordon v. Neugebauer*, No. 1:14-CV-0093-J, 2014 WL 5531734, at *7 (N.D. Tex. Oct. 31, 2014) (Robinson, J.) (not published) (dismissing with prejudice, pursuant to Rule 12(b)(6), the plaintiff's Texas common-law false imprisonment claims).

Whether the Court analyzes this motion under Rule 12(b)(1), or instead under Rule 12(b)(6), makes no difference, because a facial attack made in a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Young-Trezvant v. Lone Star Coll. Sys.*, No. 23-20551, 2024 WL 2794483, at *1 (5th Cir. May 31, 2024), cert. denied, No. 24-6602, 2025 WL 1211812 (U.S. Apr. 28, 2025) (citing *Benton v. United States*, 960 F.2d 19, 21 (5th Cir 1992)). The sufficiency of the claim is evaluated on the pleadings alone. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The nonconclusory factual allegations must be enough "to raise a right to relief above the speculative level" when assuming all well-pleaded factual allegations are true. *Id.* at 555.

**B. Governmental (Sovereign) Immunity Under the Texas Tort Claims Act**

In Texas, governmental immunity deprives a trial court of subject-matter jurisdiction for suits against the State or other governmental units unless the State consents to suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). "Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and school districts." *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (citing *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 n.3 (Tex. 2003)).

For tort claims, the Texas Tort Claims Act (the "TTCA") contains a limited waiver of governmental immunity for governmental units, including counties. *See* Tex. Civ. Prac. & Rem. Code §§ 101.101–.109. But the TTCA specifically does not waive governmental immunity for any claims "arising out of assault, battery, *false imprisonment*, or any other intentional tort." *Id.* § 101.57(2) (emphasis added). The TTCA also only waives immunity in specific circumstances relating to acts or omissions of an employee of the governmental unit or conditions or use of property of the governmental immunity. TTCA § 101.021; *Lincoln v. Ellis Cnty., Tex.*, No. 3:22-CV-1955-L-BN, 2025 WL 1508618, at *4 (N.D. Tex. Apr. 7, 2025) (Horan, M.J.), report and recommendation adopted, No. 3:22-CV-1955-L-BN, 2025 WL 1504307 (N.D. Tex. May 23, 2025) (Lindsay, J.) (not reported).

**C. The Court should dismiss with prejudice Plaintiffs' false imprisonment claims because the County has governmental immunity.**

As stated above, TTCA § 101.057(2) specifically preserves governmental immunity for any claims arising out of assault, battery, false imprisonment, or any other intentional tort:

> Sec. 101.057. CIVIL DISOBEDIENCE AND CERTAIN INTENTIONAL TORTS. This chapter does not apply to a claim:
>
> (1) . . .
>
> (2) arising out of assault, battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary action by school authorities.

Plaintiffs unambiguously allege that the County, "through their [sic] officials, employees, agents, servants, and/or representatives," falsely imprisoned them by "caus[ing] the confinement of Plaintiffs . . . in the custody of the County for an unreasonable period of time after each of them were [sic] legally mandated to be released [from the Jail]." *See* Compl. para. 124. Plaintiffs allege that they were "willfully detained" by the County, and that Plaintiffs "did not consent to their detention" by the County. *Id.* paras. 126-127. Plaintiffs' allegations perfectly describe the tort of false imprisonment under Texas law. In Texas, "[f]alse imprisonment has three 'essential'

elements: '(1) willful detention; (2) without consent; (3) without authority of law'" *Matthews v. Green*, No. 23-10178, 2024 WL 448352, at *4 (5th Cir. Feb. 6, 2024) (not published) (quoting *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002)); *Thomas v. State*, 294 F. Supp. 3d 576, 615 (N.D. Tex. 2018), report and recommendation adopted, No. 3:17-CV-0348-N-BH, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018) ("To prevail on a claim of false imprisonment, a plaintiff must show (1) willful detention by the defendant; (2) without the plaintiff's consent; and (3) without authority of law.") (quoting *Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 780 (N.D. Tex. 2014) (citing *Rodriguez*, 92 S.W.3d at 506)).

Cases in which federal and state courts have dismissed Texas false imprisonment claims for lack of subject-matter jurisdiction pursuant to § 101.057(2) are legion. For recent authorities, *see, e.g.*, *Lewis v. City of Fort Worth*, No. 4:24-CV-553-O-BP, 2024 WL 3363017, at *2 (N.D. Tex. June 24, 2024) (Ray, M.J.), report and recommendation adopted, No. 4:24-CV-553-O-BP, 2024 WL 3362478 (N.D. Tex. July 10, 2024) (slip copy) (O'Connor, J.), *appeal dismissed sub nom. Lewis v. City of Fort Worth*, No. 24-10657, 2024 WL 5339854 (5th Cir. Aug. 26, 2024); *Lincoln*, 2025 WL 1508618, at *4-5; *White v. Texas*, No. 4:23-CV-00925-P, 2023 WL 8518211, at *7 (N.D. Tex. Oct. 25, 2023) (Cureton, M.J.), report and recommendation adopted, No. 4:23-CV-00925-P, 2023 WL 8074126 (N.D. Tex. Nov. 21, 2023) (Pittman, J.), *aff'd*, No. 23-11190, 2024 WL 1826245 (5th Cir. Apr. 26, 2024) (dismissing with prejudice Texas common law tort claims for false imprisonment, defamation, fraud, intentional infliction of emotional distress, civil conspiracy, and abuse of process pursuant to the TTCA for lack of subject-matter jurisdiction).

For these reasons, the Court should dismiss with prejudice Plaintiffs' Texas common law claims for false imprisonment for lack of subject-matter jurisdiction.

### D. The Court should dismiss with prejudice Plaintiffs' "negligence" claims because the County has governmental immunity.

#### 1. Plaintiffs' "negligence" claims are actually intentional tort claims.

Plaintiffs also allege that the County "negligently" caused their Jail overdetentions:

> 131. At all relevant times, Dallas County—through its officials, employees, agents, servants, and/or representatives—**negligently caused the prolonged confinement** of Plaintiffs . . . for an unreasonable period beyond their legally mandated release dates.

Compl. para. 131 (emphasis in original). Plaintiffs' allegations fail to establish a waiver of the County's governmental immunity.

The settled rule is that a plaintiff cannot evade the governmental immunity bar to suit by reframing an intentional tort in terms of negligence. "If a plaintiff pleads facts which amount to an intentional tort, no matter if the claim is framed as negligence, the claim generally is for an intentional tort and is barred by the TTCA." *Campbell v. Peña*, No. 3:23-CV-2232-B, 2024 WL 3841517, at *3 (N.D. Tex. Aug. 15, 2024) (Boyle, J.) (not published) (quoting *Harris Cnty., Tex. v. Cabazos*, 177 S.W.3d 105, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.)) Plaintiffs fail to plead any distinct facts that distinguish their false imprisonment claims from their negligence claims. As this Court explained in *Campbell* regarding Campbell's various negligence claims, "the intentional-tort bar 'cannot be circumvented merely by alleging that the governmental unit was negligent in supervising the employee-tortfeasor.'" *Campbell*, 2024 WL 3841517, at *4 (quoting *Cabazos*, 177 S.W.3d at 109).

Plaintiffs obliquely allege that the County failed to adequately train or supervise its personnel, *see* Compl. para. 134(c), but that allegation also fails to plead facts that establish a waiver of the County's immunity. *See Martinez v. Zapata Cnty.*, No. 5:23-CV-00050, 2024 WL 1315898, at *6 (S.D. Tex. Mar. 27, 2024) ("Plaintiff's claims of negligent failure to train and negligent supervision are based on the same conduct as his assault, battery, and false imprison-

ment claims. . . . Plaintiff's allegations make clear that no 'distinct facts' support their negligence and intentional-tort claims, placing the negligence claims 'outside the TTCA's 'limited waiver of sovereign immunity.'") (quoting *Saenz v. City of El Paso*, 637 F. App'x 828, 831 (5th Cir. 2016) (per curiam)). At bottom, Plaintiffs' negligence-based allegations amount to intentional torts of false imprisonment. No amount of recasting will transform Plaintiffs' intentional tort claims into negligence claims.

### 2. Even if viewed as "negligence" claims, Plaintiffs fail to allege facts that avoid the County's governmental immunity.

Even if the Court were to conclude that Plaintiffs plead distinct facts that sound in negligence, rather than as intentional conduct, Plaintiffs still fail to plead facts sufficient to defeat the County's entitlement to governmental immunity.

TTCA section 101.021 provides for a *limited* waiver of governmental immunity:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>
> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Plaintiffs do not plead any facts whatsoever that permit an inference that their losses of personal liberty "arose from the operation or use of a motor-driven vehicle or motor-driven equipment."

Thus, to waive immunity under section 101.021 of the TTCA, Plaintiffs must plead facts to show some use or misuse of tangible personal property, and further, that their overdetentions

were proximately caused by the use or misuse of such property. As the Texas Supreme Court explained in *Dallas County Mental Health & Mental Retardation v. Bossley*,

> Section 101.021(2) requires that for immunity to be waived, personal injury or death must be proximately caused by the condition or use of tangible property. Plaintiffs here complain of both a use of property–Jones's unlocking the outer door [of the mental health treatment center] without looking for Roger–and a condition of property–the unlocked inner door. Neither can be said to have caused Roger's suicide. Property does not cause injury if it does no more than furnish the condition that makes the injury possible.

*Bossley*, 968 S.W.2d 339, 343 (Tex. 1998). *See also Tex. Parks & Wildlife Dep't v. Garrett Place, Inc*., 972 S.W.2d 140, 143 (Tex. App.—Dallas 1998, no pet.) ("The requirement of causation is more than mere involvement. Property does not cause injury if it does no more than furnish the condition that makes injury possible.") (citations omitted).

Here, Plaintiffs allege in paragraph 134 of their Complaint that Dallas County breached an unspecified duty of care in four ways:

> a. Failing to maintain a reliable system to monitor and flag inmates who had completed their sentence;
>
> b. Designing and implementing processes that was [sic] inherently prone to error and delay, thereby increasing the likelihood of unlawful detentions;
>
> c. Failing to test, audit, or adequately train staff on how to use Dallas County software, and workflows, or related release procedures to ensure timely inmate release; and
>
> d. Failing to direct that Odyssey and other jail systems be operated with sufficient safeguards to ensure that no individual remained in custody past their [sic] lawful release date.

Complaint paras 134(a)-(d). Even if true, Plaintiffs' allegations are insufficient as a matter of law to show that a use or misuse of County tangible personal property was the *proximate cause* of Plaintiffs' alleged overdetentions within the meaning of *Bossley*.

**3. Allegations of the errant use of information fail to waive immunity.**

The County does not waive its governmental immunity for the errant use of information. Information is not tangible, because it lacks corporeal, concrete, and palpable qualities. *Univ. of Tex. Med. Branch v. York*, 871 S.W.2d 175, 179 (Tex. 1994); *Gipson v. County of Dallas*, 247 S.W.3d 465, 471-72 (Tex. App.—Dallas 2008, pet. denied) ("Information is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualities."). Information or misinformation remains information; the use, misuse, or nonuse of information does not constitute use, misuse, or nonuse of tangible personal property under the TTCA. *York*, 871 S.W.2d at 179. Therefore, alleged acts or decisions by County personnel to delay in processing criminal court judgments, delays in compiling "pen packets" or sending them to the TDCJ for processing, or "failing to process [] paperwork as expeditiously as possible," are not uses of tangible personal property.

Therefore, to the extent that Plaintiffs allege that County personnel acted negligently by not expeditiously processing paperwork, at any level, those allegations fail to establish a waiver of the County's governmental immunity.

**4. Allegations of negligent supervision and training fail to plead a waiver of the County's immunity.**

Plaintiffs' allegations that the County negligently trained or supervised its employees, *see* Compl. para. 134(c), fail to plead a waiver of governmental immunity. *See*, *e.g.*, *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 581 (Tex. 2001) (holding that failing to properly train personnel does not invoke waiver as such failures in conduct do not involve the use of tangible personal or real property), *cited in Taylor v. Univ. of Tex. Health Ctr.*, No. 12-01-00381-CV, 2002 WL 31323413, at *6 (Tex. App.—Tyler Oct. 9, 2002, pet. denied); *Martinez v. State*, No. 13-10-00076-CV, 2011 WL 861059, at *3 n.6 (Tex. App.—Corpus Christi-Edinburg Mar. 10,

2011, no pet.) ("Texas courts uniformly hold that a plaintiff's allegations that a government employer negligently failed to supervise an employee do not waive immunity under the TTCA because such allegations do not fall within the limited scope of the TTCA's waiver provision."); *Eastland Cnty. Coop. Dispatch v. Poyner*, 64 S.W.3d 182, 198 (Tex. App.—Eastland 2001, pet. denied) (holding that the sheriff and police chief's failure to train, supervise, and perform background checks did not implicate the use of tangible personal or real property, for purposes of the waiver of sovereign immunity under the TTCA). Therefore, Plaintiffs' allegations that the County failed to "test, audit, or adequately train staff" fail to plead a waiver of immunity.

**5. Allegations of failure to implement policy or of negligent implementation of policy fail to plead a waiver of immunity.**

Finally, Plaintiffs' allegations that the County breached a duty of care by "[f]ailing to maintain a reliable system to monitor or flag inmates who had completed their sentence" (Compl. para. 134(a), or by "[d]esigning and implementing processes that was [sic] inherently prone to error and delay" (Compl. para 134(b)), fail to plead a waiver of governmental immunity. Plaintiffs' allegations that the County failed to implement existing policies or put in place sufficient policies also fail to plead an affirmative waiver of the County's immunity.

Plaintiffs' allegations that the County negligently *implemented* policies fail to establish a waiver of immunity. "The negligent implementation of policy theory does not itself waive sovereign immunity." *Perez v. County of Dallas*, 180 S.W.3d 906, 914 (Tex. App.—Dallas 2005, no pet.). "Waiver of immunity must be demonstrated under some provision of the Texas Tort Claims Act *before* a claim of negligent implementation of policy can be invoked." *Id.* (emphasis added); *accord County of Garland v. Rivera*, 146 S.W.3d 334, 338 (Tex. App.—Dallas 2004, no pet.) ("In the County's second issue, it claims Rivera must establish an independent waiver of sovereign immunity before she may advance her negligent implementa-

tion of policy theory of recovery. We agree. Although the Tort Claims Act waives sovereign immunity for claims that an officer negligently carried out governmental policy, the negligent implementation theory of liability does not itself waive immunity.") (citations omitted). That is, the negligent implementation of a policy theory does not establish a waiver of immunity if the death or injury did not arise from the use or condition of tangible personal property. *Perez*, 189 S.W.3d at 914.

Thus, in *Hill v. University of Texas Health Center*, No. 12-02-00084-CV, 2002 WL 31323517, at *6 (Tex. App.—Tyler Oct. 9, 2002, pet. denied), the court rejected the plaintiff's argument that the hospital was negligent in failing to implement and enforce a policy for controlling and preventing infection, which involves misuse of information, because "such claims do not involve tangible personal or real property and do not invoke a waiver of sovereign immunity"). Therefore, Plaintiffs' allegations in Complaint paragraphs 134(a), (b), and (d) fail to plead a waiver of the County's immunity.

Furthermore, Plaintiffs fail to plead facts affirmatively showing that the alleged negligent conduct involved tangible property as the *causative agent* of the harm. To be a proximate cause, the negligent conduct at a minimum "must involve" some use of tangible property. *Bossley*, 968 S.W.2d at 342 ("But we did not say in *Salcedo [v. El Paso Hospital District*, 659 S.W.2d 30 (Tex. 1993),] that the involvement of property is *sufficient* for waiver of immunity, as the court of appeals concluded; we said only that the involvement of property is *necessary*.") (emphasis in original). Tangible property does not cause an injury if it does no more than furnish the condition that makes the injury possible, *Bossley*, 968 S.W.2d at 343. But here, Plaintiffs do not even allege that County tangible property caused either Plaintiff's overdetention. *See* Compl. paras. 22-39 (Noriega); paras. 40-62 (Richardson). At the most, the County's instrumentalities merely

furnished the conditions that made the injuries alleged possible—and Plaintiffs do not even plead as much as that.

Moreover, there must be a *close* causal relationship between the condition or use of the property and the resulting injury. *Tex. Dep't of Mental Health & Mental Retardation v. Lee*, 38 S.W.3d 862, 867 (Tex. App.—Fort Worth 2001, pet. denied). Put differently, there must be a "direct and immediate relationship between the injury and the use of the property." *Univ. of Tex. Med. Branch Hosp. v. Hardy*, 2 S.W.3d 607, 609 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). Texas jurisprudence is replete with instructive cases that demonstrate that Plaintiffs' Complaint fails to plead such a direct relationship and, thereby, a waiver of Dallas County's governmental immunity. *See*, *e.g.*, *Hernandez v. County of Lubbock*, 253 S.W.3d 750, 759 (Tex. App.—Amarillo 2007, no pet.) ("Even if [officer] Littlejohn's action of turning off his radio microphone is viewed as a misuse rather than a non-use of the equipment, that action cannot be said to have caused the mental anguish and bodily injuries alleged in Hernandez's petition" as a result of Littlejohn's sexual assault of Hernandez); *County of Sugarland v. Ballard*, 174 S.W.3d 259, 266 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (failure to secure an arrestee in a police car merely furnished the condition that made it possible for the arrestee to escape and then run into oncoming traffic); *Amador v. San Antonio State Hosp.*, 993 S.W.2d 253, 256 (Tex. App.—San Antonio 1999, pet. denied) (the unlocking of the mental health facility door to permit the patient to exit unsupervised onto the hospital grounds merely furnished the condition that made the sexual assault by other patients possible); *County of San Antonio v. Hernandez*, 53 S.W.3d 404, 409-10 (Tex. App.—San Antonio 2001, pet. denied) (the alleged misuse of a police radio by failing to notify other officers that the suspect had a toy gun merely furnished the conditions that made the unnecessary shooting of the suspect possible). Therefore, Plaintiffs' cursory allegations

in Complaint subparagraphs 134(a)-(d), that the County breached a duty of care, fail to plead a waiver of the County's governmental immunity.

## IV. CONCLUSION

Under the TTCA, Plaintiffs are required to demonstrate that their underlying claims arise from actions falling within the limited waivers of immunity afforded by Texas law. Plaintiffs' common-law false imprisonment claims are intentional torts, for which immunity is not waived, per TTCA section 101.057(2). Plaintiffs' "negligence" claim allegations should be dismissed, first because they are actually intentional tort claims clothed as "negligence." Furthermore, those "negligence" claims should be dismissed because the Complaint's well-pleaded allegations fail to establish a waiver of the County's immunity, as TTCA section 101.021requires. Plaintiffs fail to allege facts that establish that a condition or use of the County's tangible property was the actual cause of Plaintiffs' overdetentions. Therefore, the County is entitled to dismissal with prejudice of Plaintiffs' false imprisonment and "negligence" claims.

WHEREFORE, the Defendant, Dallas County, prays that the Court dismiss Plaintiffs' Texas common-law false imprisonment and "negligence" claims, and that the Court grant Dallas County such other and further relief to which the County is entitled that is consistent with this motion.

Respectfully submitted,

JOHN CREUZOT
Dallas County Criminal District Attorney

*/s/ Jason G. Schuette*
Assistant District Attorney
Texas State Bar No. 17827020
jason.schuette@dallascounty.org

Joseph W. Spence
Assistant District Attorney
Texas State Bar No. 18913500
joseph.spence@dallascounty.org

Dallas County Criminal District Attorney's Office
Civil Division
500 Elm Street, Suite 6300
Dallas, Texas 75202
Telephone: 214.653.6068
Telecopier: 214.653.6134

ATTORNEYS FOR THE DEFENDANT,
DALLAS COUNTY, TEXAS

**CERTIFICATE OF SERVICE**

I certify that on 11 July 2025 I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. Therefore, the County has complied with Federal Rules of Civil Procedure 5(a) and 5(b).

*/s/ Jason G. Schuette*
Assistant District Attorney