IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIAN JAMES NORIEGA, DARIUS LATRELL RICHARDSON, Plaintiffs, v. DALLAS COUNTY, TEXAS Defendant. | § § § § § § § § § § § § § § § | Civil Action No: 3:25-cv-1567-B  JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiffs Adrian James Noriega ("Noriega") and Darius Latrell Richardson ("Richardson"), , allege as follows in support of their Complaint:

## PRELIMINARY STATEMENT

1. *"Any time a person spends even one more day in jail than required by law is unacceptable[1]."* - Dallas County Judge Clay Jenkins

2. Every week, pursuant to plea agreements or following convictions at trial, hundreds of inmates in the Dallas County Jail are sentenced to probation, county jail time, or imprisonment in the Texas Department of Criminal Justice. For years, Dallas County has systematically detained inmates past their legally mandated release dates.

---

[1] See Martinez, Marina Trahan, Dallas County Paid $160,000 To Two Men Kept in Jail Long After They Served Their Time, Texas Standard (May 10, 2024, 9:30 AM), https://www.texasstandard.org/stories/dallas-county-jail-mcdowell-harris-lawsuit-settlement-texas/.

**Plaintiffs' Original Complaint**          1

3. The Dallas County clerks' offices have a duty to process the orders of the trial courts, prepare judgments for signature, and send the proper paperwork to the Dallas County Sheriff's Office in a timely manner.

4. The Dallas County Sheriff's Office has a duty under state law and federal constitutional mandates to quickly and properly process judgments issued by Dallas County courts. Doing so may include releasing an inmate who has already served the requisite amount of jail time according to their sentence, releasing them from custody to probation, or processing their judgments and sending these judgements with the appropriate corresponding paperwork to the Texas Department of Criminal Justice (hereinafter "TDCJ") so that they may be transported from the Dallas County Jail to the care and custody of TDCJ or otherwise released.

5. For years, Dallas County has failed to properly perform these duties, leading hundreds of inmates to be illegally detained in the Dallas County jail for days to months.

6. Dallas County leadership has been aware of these failures for years, at every level, from lower-level employees to supervisors, administrators, and elected officials. Despite their actual knowledge of the recurrent and systemic problems surrounding timely release of inmates, Dallas County has failed to implement proper training, practices, customs, and procedures to prevent this illegal and unjust detention.

7. This case challenges Dallas County in relation to the Dallas County District Clerk's Office, the Dallas County Clerk's Office, the Dallas County Sheriff's Office, other parts of the Dallas County bureaucracy, and Dallas County's political and professional leadership and management, and its policies, practices, and customs which directly violate the Fourth, Eighth, and Fourteenth Amendments, as well as other federal and state laws. Pursuant to Dallas County policies, practices, and customs, Dallas County employees unlawfully incarcerated Plaintiffs beyond their lawful release date, directly violating Plaintiffs' constitutional due

process rights under the Fourteenth Amendment, the Fourth Amendment right against unlawful search and seizure, the Eighth Amendment right against cruel and unusual punishment, and state law.

8. The U.S. Fifth Circuit Court of Appeals has upheld several overdetention claims in which a state continued the custodial detention of a Plaintiff past their release date due to insufficient oversite and due to clerical errors. See e.g. *McNeal v. LeBlanc*, 90 F.4th 425 (5th Cir. 2024), cert. denied, No. 24-19, 2024 WL 4427170 (U.S. Oct. 7, 2024); *Parker v. LeBlanc*, 73 F.4th 400, 402 (5th Cir. 2023); *Hicks v. LeBlanc*, 81 F.4th 497, 501 (5th Cir. 2023). Thus, it is firmly-established precedent that (1) inefficient prisoner-release processes and under-trained staffers are likely to cause prisoner overdetentions, and (2) such overdetentions give rise to civil liability.

9. Plaintiffs set forth below a general summary of the factual allegations. These allegations are not intended to be exhaustive, detailed, or presented in strict chronological order. Rather, they intend to provide Defendant fair and sufficient notice of the general nature and substance of Plaintiffs' claims, and to establish that such claims are facially plausible.

10. Whenever Plaintiffs plead factual allegations "upon information and belief," Plaintiffs are pleading that the specified factual contentions have or will likely have evidentiary support after a reasonable opportunity to conduct further investigation and/or discovery.

11. Plaintiffs need not assert specific constitutional claims in this pleading but rather must merely plead facts that give rise to constitutional claims, pursuant to United States Supreme Court authority. Plaintiffs ask the Court to apply the correct legal theories to the facts pled.

## PARTIES

12. Plaintiff Adrian James Noriega is a natural person and resides in Dallas County, Texas.

13. Plaintiff Darius Latrell Richardson is a natural person and resides in Tarrant County, Texas.

14. Defendant Dallas County, Texas ("Dallas County" or "the County") can be served with process by serving citation on County Judge Clay Jenkins at 500 Elm Street, Suite 7000, Dallas, TX 75202, or wherever he may be found.

15. Dallas County acted or failed to act, through its employees, agents, representatives, jailers, and/or chief policymakers, all of whom were acting under color of state law at all relevant times, and is liable for such actions or failures to act to the extent allowed by law (including but not necessarily limited to applicable to claims pursuant to 42 U.S.C. § 1983). The County's policies, practices, and/or customs were the moving forces which caused the constitutional violations and resulting damages referenced in this pleading.

## JURY DEMAND

16. Plaintiffs demand a trial by jury.

## JURISDICTION AND VENUE

17. This action arises under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and Texas state common law.

18. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4), because this suit presents a federal question and seeks relief pursuant to federal statute(s) that provide for the protection of civil rights.

19. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

20. This Court has personal jurisdiction over the County as a Texas County.

21. Venue is proper in the Dallas Division of the Northern District of Texas, pursuant to 28 U.S.C. § 1391(b)(2), because all acts and/or omissions alleged herein occurred in this District.

**Plaintiffs' Original Complaint**                    4

Dallas County is in the Dallas Division of the United States District Court for the Northern District of Texas.

## FACTUAL ALLEGATIONS

### Adrian James Noriega

22. On November 18, 2021, Plaintiff Adrian James Noriega was arrested and charged with Unlawful Possession of Metal or Body Armor by a Felon in F-21-60859 and Possession of a Controlled Substance in F-21-60860.

23. These cases were indicted and filed in the 283rd Judicial District Court in Dallas County, Texas.

24. On November 10, 2022, Noriega pleaded guilty to both charges and was placed on two (2) years deferred adjudication community supervision by the trial court.

25. At various times over the next several years, Noriega's terms and conditions of probation were modified.

26. On February 10, 2025, the State of Texas filed a Motion to Revoke Community Supervision or Proceed with an Adjudication of Guilt for both charges, alleging that Noriega had violated the conditions of his probation.

27. Following the filing of this motion, Noriega was arrested and held in the Dallas County Jail.

28. On May 14, 2025, Noriega pleaded True to the allegations set forth in the State of Texas's motion.

29. Following a hearing, the trial court accepted Noriega's plea of True and sentenced him to a six (6) month term in a State Jail facility, on both charges, with the sentences to run concurrently.

30. The trial court also granted Noriega back-time credit of 386 days. This was more than twice as much credit as Noriega needed to complete his sentence.

**Plaintiffs' Original Complaint**                5

31. The District Clerk prepared a Judgment in both cases on the same day. Both Judgments state they were entered on "this the 14ᵗʰ day of May, 2025."

32. A "Clerk's Certificate," dated May 14, 2025, certified that the judgments were true and correct copies and accompanied each of the Judgments.[2]

33. Furthermore, the District Clerk sent a Notice of Disposition (a "Jail Dispo") to the Dallas County Sheriff's Office on May 14, 2025, documenting the sentence and the proper back-time credit.

34. Following receipt of the Judgment, the Sheriff's Office had a duty to prepare a "pen packet" (a collection of various documents, including state-mandated forms, a copy of the Judgments, as well as other relevant documents from the case) and send it to TDCJ.

35. In cases where an inmate is "time-served," the Sheriff's Office has a duty to process the paperwork as expeditiously as possible, since any delay in the paperwork constitutes time the inmate is incarcerated *that he otherwise would not be.*

36. The timing and manner in which the Sheriff's Office communicated with the Texas Department of Criminal Justice (TDCJ) following its receipt of Noriega's pen packet remain unclear.

37. However, on information and belief, TDCJ did not receive the properly completed paperwork from the Sheriff's Office until June 10, 2025, twenty-seven (27) days after Noriega's plea.

38. Noriega was not released from Dallas County's custody until June 13, 2025, thirty (30) days after his plea hearing.

39. Dallas County's detention was unlawful for *most* of that thirty (30) day period.

---

[2] *See* Exhibits A and B, the certified Judgments in F-21-60859 and F-21-60860 respectively.

**Plaintiffs' Original Complaint**                     6

## FACTUAL ALLEGATIONS

***Darius Latrell Richardson***

40. On March 5, 2015, Richardson was arrested for the charge of Credit Card Abuse in Cause Number F-15-23451.

41. This case was later indicted and filed in the 283rd Judicial District Court in Dallas County, Texas.

42. During the relevant period, Richardson was charged with other offenses, some of which were resolved via plea agreements, but they are not relevant to the facts of his overdetention.

43. On November 25, 2015, Richardson entered into a plea agreement with the State of Texas to resolve this charge.

44. Richardson pleaded guilty and was placed on four (4) years deferred adjudication community supervision.

45. Over the next nine (9) years, the terms and conditions of Richardson's community supervision were modified in various ways at different times.

46. On November 8, 2023, the State of Texas filed a Motion to Revoke Community Supervision or Proceed with an Adjudication of Guilt.

47. On March 4, 2025, Richardson was arrested due to that motion.

48. On April 2, 2025, Richardson entered into a plea agreement with the State of Texas, which was accepted by the trial court.

49. Richardson pleaded True to the allegations in the motion, and he was sentenced to twelve (12) months confinement in a State Jail facility.

50. Richardson was awarded 322 days of back-time credit.

51. The District Clerk prepared a Judgment for the case on the same day. The Judgment states that it was entered on "this the 2nd day of April, 2025."

52. A "Clerk's Certificate," dated April 2, 2025, certified that the Judgment was true and correct copies and accompanied the Judgment.[3]

53. Furthermore, the District Clerk sent a Notice of Disposition (a so-called "Jail Dispo") to the Dallas County Sheriff's Office on April 2, 2025, documenting the sentence and the proper back-time credit.

54. Following receipt of the Judgment, the Sheriff's Office had a duty to prepare a "pen packet" (a collection of various documents, including state-mandated forms, a copy of the Judgment, as well as other relevant documents from the case) and send it to TDCJ.

55. In cases where an inmate has either already served his sentence or will have served it shortly after a sentence is ordered, the Sheriff's Office has a duty to process the paperwork as expeditiously as possible, since any delay in the paperwork constitutes time the inmate is incarcerated *that he otherwise would not be.*

56. Pursuant to the Judgment, Richardson would have been "time-served" on May 14, 2025.

57. However, the Sheriff's Office did not complete and send the proper paperwork (the pen packet) to TDCJ until May 27, 2025.[4]

58. This was fifty-five (55) days after the District Clerk sent the Judgment and the Jail Dispo to the Sheriff's Office.

59. On June 2, 2025, TDCJ sent a letter to the Sheriff's Office indicating that Richardson should be released on that charge.[5]

60. Richardson was released on June 4, 2025, twenty-one (21) days past the expiration date of his sentence.

---

[3] *See* Exhibit C, the certified Judgment in F-15-23451.
[4] *See* Exhibit D, the "Pen Packet Document Checklist" completed by a Dallas County employee on May 27, 2025.
[5] *See* Exhibit E, the letter issued by TDJC to the Sheriff's Office on June 2, 2025, indicating that Richardson's sentence expired on May 14, 2025.

**Plaintiffs' Original Complaint**                    8

61. Dallas County's detention was unlawful for the entire twenty-one (21) day period.

62. Dallas County's failure to send the proper paperwork to TDCJ in a reasonable time was the cause of Richardson's overdetention.

## **FACTUAL ALLEGATIONS SHOWING A LONG-STANDING PATTERN OF UNLAWFUL OVERDETENTION BY DALLAS COUNTY**

63. The failure to properly release Plaintiffs is not an isolated incident, nor was it the result of a negligent omission by just one individual, rather it is evidence of a consistent pattern and policies, practices, and customs repeatedly implemented by Dallas County.

64. Dallas County has exhibited an ongoing pattern of similar overdetention for years.

65. On information and belief, many inmates were detained in the Dallas County jail past their legally mandated release dates over the last several years.

66. Rhyan Harris was illegally detained in the Dallas County jail, as an inmate from February to May of 2023. He did not file a lawsuit against Dallas County because he settled his overdetention claim with Dallas County prior to entering litigation.

67. As with Plaintiffs, Harris's illegal detention was a direct result of the systemic policies, practices, and/or customs of Dallas County. He was illegally detained for one-hundred four (104) days after his legally mandated release date, February 17, 2023, despite making multiple requests to remedy his illegal detention and release him as per the Court's orders.

68. The 204th Judicial District Court in Dallas County was assigned, and thus had jurisdiction over, Harris's case.

69. In May 2023, Dallas County transitioned to a new case management system called "Odyssey."

70. Multiple issues were specifically identified at that time, alerting both Dallas County and the public that the transition to and implementation of the new Odyssey system was directly responsible for some of the illegal overdetention of inmates at the Dallas County jail.[6]

71. Dallas County was specifically placed on notice that Odyssey was causing overdetention problems.

72. Chris McDowell was illegally detained in Dallas County jail, as an inmate, during the time of the Odyssey transition. He filed a lawsuit against Dallas County in the Northern District of Texas (Case 3:23-CV-02543-K). Dallas County settled that claim.[7]

73. As with Plaintiffs, McDowell's illegal detention was a direct result of the systemic policies, practices, and/or customs of Dallas County. He was illegally detained for fifty-two (52) days after his legally mandated release date, June 30, 2023, despite making multiple requests (on an almost-daily basis) to remedy his illegal detention and release him as per the Court's orders.

74. Dallas County Criminal District Court No. 1 was assigned to, and thus had jurisdiction over, McDowell's case.

75. Similarly, Glenroy Dillon was also illegally detained during the same time-period due to the same systemic failures, policies, practices, and customs of Dallas County that affected Plaintiffs. He filed a lawsuit against Dallas County in the Northern District of Texas (Case 3:25-CV-01071-S).[8] That suit is still pending.

---

[6] *See* Peterson, Josephine, Dallas County's Jail Population Swells as Technology Troubles Persist, The Dallas Morning News (July 20, 2023, 5:30 AM). https://www.dallasnews.com/news/crime/2023/07/20/dallas-countys-jail-population-swells-as-technology-troubles-persist/.

[7] For more information on Chris McDowell and Ryhan Harris's case, *see* Martinez, Marina Trahan, Dallas County Paid $160,000 To Two Men Kept in Jail Long After They Served Their Time, Texas Standard (May 10, 2024, 9:30 AM), https://www.texasstandard.org/stories/dallas-county-jail-mcdowell-harris-lawsuit-settlement-texas/.

[8] For more information on Glenroy Dillon's case, *see* McManus, Tracey, Dallas County Faces Another Federal Lawsuit Alleging Illegal Detention in the Jail, The Dallas Morning News (May 28, 2025, 11:33 AM), https://www.dallasnews.com/news/courts/2025/05/28/dallas-county-faces-another-federal-lawsuit-alleging-illegal-detention-in-the-jail/.

**Plaintiffs' Original Complaint**                    10

76. Dillon was illegally detained for seventy-six (76) days after his legally mandated release date, May 4, 2023, despite making multiple requests to jail staff to remedy his illegal detention and release him as per the Court's orders.

77. Dallas County Criminal District Court No. 7 was assigned to, and thus had jurisdiction over, Dillon's case.

78. Charles Joe Jackson was also illegally detained during the same time-period, due to systemic policies, practices, and/or customs of Dallas County. He filed a lawsuit against Dallas County in the Northern District of Texas (Case 3:25-cv-01373-E). That suit is still pending.

79. Jackson was illegally detained for eight (8) days after his legally mandated release date, May 26, 2023.

80. Dallas County Criminal District Court No. 5 was assigned, and thus had jurisdiction over, Jackson's case.

81. Melissa Ray Molloy was also illegally detained during the same time-period, due to systemic policies, practices, and/or customs of Dallas County. She filed a lawsuit against Dallas County in the Northern District of Texas (Case 3:25-cv-01369-X). That suit is still pending.

82. Molloy was detained for twenty-one (21) days after her legally mandated release date, May 24, 2023.

83. The 194th Judicial District Court in Dallas County was assigned, and thus had jurisdiction over, Molloy's case.

84. The issues related to the implementation of the Odyssey system went on for months. However, problems with ongoing overdetention were widespread and not only related to Odyssey.

**Plaintiffs' Original Complaint**                    11

85. Cynthis Willis was illegally detained from January 13, 2025 to February 28, 2025, due to systemic policies, practices, and/or customs of Dallas County. At this time, she has not filed a lawsuit against Dallas County.

86. Willis was detained for forty-six (46) days after her legally mandated release date, January 13, 2025.

87. The 292nd Judicial District Court in Dallas County was assigned, and thus had jurisdiction over, Willis's case.

88. Each of these incidents arose out of different courts in Dallas County, at different times, and still resulted in similar violations of inmates' constitutional rights over the same time-period.

89. Many different Dallas County employees, in different departments and with a range of supervisory positions, participated in the same practice of unlawful overdetention.

90. Dallas County exhibited a widespread and systemic pattern of reckless indifference toward the constitutional rights of detained inmates.

91. Upon information and belief, there are many other people, likely dozens and potentially hundreds, who were unlawfully detained during the same time-period for the same reasons as Plaintiffs.

92. Upon information and belief, the County failed to reprimand and/or take remedial action against any employees or agents as a result of action or inaction related to Plaintiffs' overdetention, thus confirming that the policies, practices, and/or customs that led to the overdetention were in fact Dallas County's de facto policies.

93. Despite continuing notice to multiple decision makers in Dallas County's bureaucratic and leadership structure, Dallas County has deliberately failed to act or implement policies to address the repeated overdetention of Dallas County inmates.

**Plaintiffs' Original Complaint**                    12

94. The County's system of administrative processing, in practice, amounts to a policy of deliberate indifference. Dallas County has known about its pattern of overdetention for years and, to date, has failed to adopt policies correcting this problem in any meaningful way. This failure to adopt training or disciplinary policies to address illegal overdetention issues constitutes deliberate indifference to Plaintiffs' constitutional rights to timely release.

## CAUSE OF ACTION
### 42 U.S.C. § 1983—Plaintiffs

95. Plaintiffs repeat and reallege the above paragraphs as though they were fully set forth herein.

96. The Fourteenth Amendment guarantees that no state may "deprive any person of life, liberty, or property, without due process of law." As such, the government cannot hold an inmate without legal authority as it would deprive an inmate of their liberty without due process of law. Therefore, in accordance with the terms of their sentences, detainees are entitled to the constitutional right of timely release from prison.

97. Overdetention also violates an inmate's Fourth Amendment right against unlawful search and seizure and Eighth Amendment right against cruel and unusual punishment

98. Dallas County has exhibited a pattern and practice of overdetention. The Dallas County jail system has repeatedly held inmates past their release date because Dallas County employees caused release-date errors. Additionally, the errors went uncorrected because Dallas County failed to train its employees to double-check their work for errors, failed to train its employees to supervise other employees and correct those errors, and failed to train its employees to recognize and report instances where a citizen may be being illegally detained past their release date.

99. Supervision and fail-safes are integral components of any bureaucracy, and the failure to supervise or double-check is so obviously likely to result in uncorrected errors—in this case,

overdetentions—that the failure to include them in a jail system amounts to deliberate indifference even without a past pattern of violations.

100.    However, in this case there is both a failure to train and supervise *and* a past pattern of rights violations. Multiple instances of unlawful detention from this time-period have been reported. Indeed, it must be emphasized that they are the *same type* of violations that the Fifth Circuit has repeatedly decided in favor of plaintiffs in the past two years.

101.    Those cases should have put Dallas County on notice that habitual overdetention exposes the County to civil liability. Those cases, as well as (1) the obviousness with which the defendant's insufficient training and supervision are likely to cause overdetention errors and leave errors uncorrected; and (2) the past pattern of similar violations in the Dallas County jail system; all combine to illustrate that Dallas County was deliberately indifferent to the overdetentions which their errors caused.

102.    Due to failures by Dallas County employees, which fit a pattern and practice of Dallas County,

103.    Dallas County's illegal detention of Plaintiffs is the direct and proximate cause of Plaintiffs' actual damages and emotional distress, stress, anxiety, and depression.

104.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs suffered loss of liberty and other damages to be determined at trial.

105.    The County's actions violate the most basic rights afforded by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

106.    Dallas County employees and agents acted or failed to act under color of state law at all relevant times. Dallas County's policies, practices, and customs were moving forces behind and caused, were producing causes of, and/or were proximate causes of Plaintiffs' damages.

**Plaintiffs' Original Complaint**                14

107.    The Fifth Circuit Court of Appeals has made it clear that Plaintiffs need not allege the identity of chief policymaker(s) at the pleading stage but need only to plead enough factual matter to permit a reasonable inference of involvement by the relevant County policymakers. Out of an abundance of caution, the County sheriff was Dallas County's relevant chief policymaker over matters at issue in this case. Moreover, in the alternative, the County's jail administrator was the relevant chief policymaker over matters at issue in this case. Finally in the alternative, the County's commissioners' court was the relevant chief policymaker.

108.    Dallas County was deliberately indifferent in regard to its policies, practices, and customs developed or used regarding issues addressed in the allegations set forth above, for any facts that are ultimately determined to support episodic act or omission claims. Plaintiffs' inclusion of the "deliberate indifference" allegation does not concede or allege that deliberate indifference is a necessary element of a conditions of confinement claim.

## REMEDIES

109.    For claims brought forth under 42 U.S.C. § 1983, damages will be determined through principles from the common law of torts. Therefore, Plaintiffs seek all remedies and damages available for causes of action asserted in this complaint pursuant to Texas and federal law, including but not necessarily limited to Texas common law applicable to the tort claim for false imprisonment, and all related and/or supporting caselaw. Plaintiffs seek remedies and damages, including, but not limited to, actual damages such as past and future compensation for humiliation, shame, fear, mental anguish, and loss of enjoyment of life. Plaintiffs also seek economic damages for lost wages and/or loss of earning capacity for losing the opportunity to work during the time of their unlawful incarceration, as well as other economic losses that occurred as a result of Defendant's unlawful actions. Plaintiffs incorporate this remedies section into all sections in this complaint, asserting cause(s) of action.

110.     In this case, Plaintiffs suffered injuries for their humiliation, shame, fright, mental anguish, and loss of enjoyment of life for which they seek recovery. Plaintiffs also seek economic damages for lost wages and/or loss of earning capacity for losing the opportunity to work during the time of her unlawful incarceration as well as other economic losses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief as against the Defendant:

a)  A judgment declaring that Defendants have committed the violations of law alleged in this action;

b)  A judgment awarding for Plaintiffs within the jurisdictional limits of the Court and against Defendant, as legally available and applicable, for all damages referenced above and below in this pleading;

c)  Compensatory damages against Defendant in amount to be proven at trial, together with interest as allowed by law;

d)  Actual damages including but not necessarily limited to past and future damages for humiliation, shame, fright, mental anguish, stress, and loss of enjoyment of life suffered by Plaintiffs;

e)  Actual damages including but not necessarily limited to economic damages for lost wages and/or loss of earning capacity for losing the opportunity to work during the time of their unlawful incarceration, as well as other economic damages;

f)  Reasonable and necessary attorneys' fees through trial and any appeals and other appellate proceedings, pursuant to 42 U.S.C. §§ 1983 and 1988;

g)  Court costs and all other recoverable costs;

h)  Prejudgment and postjudgment interest at the highest allowable rates; and

i)   All other relief, legal and equitable, general and special, to which Plaintiffs is

entitled.

Dated: March 16, 2026

Respectfully submitted:

*/s/ James A. Spangler, Jr.*
James A. Spangler, Jr.
Texas Bar No. 24106454
**SPANGLER LAW PLLC**
1700 Pacific Ave, Suite 2620
Dallas, TX 75201
Telephone: 214-932-3030
jim@spanglerlaw.com

*/s/ Huma T. Yasin*
Huma T. Yasin
Texas Bar No. 24115971
**SPANGLER LAW PLLC**
1700 Pacific Ave, Suite 2620
Dallas, TX 75201
Telephone: 214-932-3030
hyasin@spanglerlaw.com

*/s/ David A. Burns*
David A. Burns
Texas Bar No. 24126298
**SPANGLER LAW PLLC**
1700 Pacific Ave, Suite 2620
Dallas, TX 75201
Telephone: 214-932-3030
dburns@spanglerlaw.com

ATTORNEYS FOR PLAINTIFFS



CAUSE NO. F-21-60859
INCIDENT NO. /TRN: 9250349300

| THE STATE OF TEXAS | § | IN THE |
|---|---|---|
| V. | § | 283RD JUDICIAL DISTRICT COURT |
| ADRIAN JAMES NORIEGA | § | DALLAS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TXTX-06350162 | § | |

## JUDGMENT ADJUDICATING GUILT

| Judge Presiding:    **MOLLY FRANCIS** | Date Sentence Imposed: 05/14/2025 |
|---|---|
| Attorney for State: **MARQUITA RUFF 24133222** | Attorney for Defendant: **NATASHA HOY 24043277** |

| Date of Original Community Supervision Order: | Statute for Offense: |
|---|---|
| **11/10/2022** | **46.041(C) Penal Code** |

Offense for which Defendant Convicted:

**ATTEMPTED UNLAWFUL POSSESSION METAL OR BODY ARMOR BY FELON**

| Date of Offense: | Degree of Offense: |
|---|---|
| **11/18/2021** | **STATE JAIL FELONY** |

| Plea to Motion to Adjudicate: | Findings on Deadly Weapon: |
|---|---|
| **TRUE** | **N/A** |

Terms of Plea Bargain (if any): or ☐ Terms of Plea Bargain are attached and incorporated herein by this reference.

**OPEN**

Punishment and Place of Confinement:   **6 MONTHS**   ,Term   **STATE JAIL**

Date Sentence Commences: (Date does not apply to confinement served as a condition of community supervision.)

**05/14/2025**

### THIS SENTENCE SHALL RUN: CONCURRENT WITH ALL OTHER CASES

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR    .

(The document setting forth the conditions of community supervision is incorporated herein by this reference.)

| Fines: | Court Costs: | Restitution | Restitution Payable to: |
|---|---|---|---|
| **$ 0.00** | **$ 286.00** | $ N/A | (See special finding or order of restitution which is incorporated herein by this reference.) |

☐ **Defendant is required to register as sex offender** in accordance with Chapter 62, Tex. Code Crim. Proc.

(For sex offender registration purposes only) The age of the victim at the time of the offense was N/A  .

| Total Jail Time Credit:   **386 DAYS** | If Defendant is to serve sentence in county jail or is given credit toward the fine and costs, enter days credited below. **N/A DAYS**    NOTES: N/A |
|---|---|

EXHIBIT A - Page 1 of 5

Was the victim impact statement returned to the attorney representing the State?  N/A
*(FOR STATE JAIL FELONY OFFENSES ONLY)* Is Defendant presumptively entitled to diligent participation credit in accordance with Article 42A.559, Tex. Code Crim. Proc.? N/A

The Court previously deferred adjudication of guilt in this case. Subsequently, the State filed a motion to adjudicate guilt. The case was called for hearing. The State appeared by her District Attorney as named above.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared with Counsel.

☐ Defendant appeared without counsel and knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

After hearing and considering the evidence presented by both sides, the Court FINDS THE FOLLOWING: (1) The Court previously found Defendant qualified for deferred adjudication community supervision; (2) The Court deferred further proceedings, made no finding of guilt, and rendered no judgment; (3) The Court issued an order placing Defendant on deferred adjudication community supervision for a period of **2 YEARS** ; (4) The Court assessed a fine of **$ 0**; (5) While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's ORIGINAL  Motion to Adjudicate Guilt, as follows: **27, 28, 27, 28**

Accordingly, the Court GRANTS the State's Motion to Adjudicate. FINDING that the Defendant committed the offense indicated above, the Court ADJUDGES Defendant GUILTY of the offense. The Court FINDS that the Presentence Investigation, if so ordered, was done according to the applicable provisions of Subchapter F, Chapter 42A, Tex. Code Crim. Proc.

The Court ORDERS Defendant punished as indicated above. After having conducted an inquiry into Defendant's ability to pay, the Court ORDERS Defendant to pay the fines, court costs, reimbursement fees, and restitution as indicated above.

**Punishment Options (select one)**

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the County Sheriff to take and deliver Defendant to the Director of the Correctional Institutions Division, TDCJ, for placement in confinement in accordance with this judgment. The Court ORDERS Defendant remanded to the custody of the County Sheriff until the Sheriff can obey the directions in this paragraph. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant committed to the custody of the County Sheriff immediately or on the date the sentence commences. Defendant shall be confined in the county jail for the period indicated above. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.

☐ **County Jail—State Jail Felony Conviction.** Pursuant to §12.44(a), Tex. Penal Code, the Court FINDS that the ends of justice are best served by imposing confinement permissible as punishment for a Class A misdemeanor instead of a state jail felony. Accordingly, Defendant will serve punishment in the county jail as indicated above. The Court ORDERS Defendant committed to the custody of the County Sheriff immediately or on the date the sentence commences. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay the fine, court costs, reimbursement fees, and restitution ordered by the Court in this cause.

☐ **Confinement as a Condition of Community Supervision.** The Court ORDERS Defendant confined          days in     as a condition of community supervision. The period of confinement as a condition of community supervision starts when Defendant arrives at the designated facility, absent a special order to the contrary.

**Fines Imposed Include (check each fine and enter each amount as pronounced by the court):**

☐ General Fine (§12.32, 12.33, 12.34, or 12.35, Penal Code, Transp. Code, or other Code) $          (not to exceed $10,000)

☐ Add l Monthly Fine for Sex Offenders (Art. 42A.653, Code Crim. Proc.) $          ($5.00/per month of community supervision)

☐ Child Abuse Prevention Fine (Art. 102.0186, Code Crim. Proc.) $          ($100)

☐ EMS, Trauma Fine (Art. 102.0185, Code Crim. Proc.) $          ($100)

☐ Family Violence Fine (Art. 42A.504 (b), Code Crim. Proc.) $          ($100)

☐ Juvenile Delinquency Prevention Fine (Art. 102.0171(a), Code Crim. Proc.) $          ($50)

☐ State Traffic Fine (§ 542.4031, Transp. Code) $          ($50)

☐ Children's Advocacy Center Fine - as Cond of CS (Art. 42A.455, Code Crim. Proc.) $          (not to exceed $50)

☐ Repayment of Reward Fine (Art. 37.073/42.152, Code Crim. Proc.) $          (To Be Determined by the Court)

☐ Repayment of Reward Fine - as Cond of CS (Art. 42A.301 (b) (20), Code Crim. Proc.) $          (not to exceed $50)

☐ DWI Traffic Fine (a/k/a Misc. Traffic Fines) (§ 709.001, Transp. Code) $          (not to exceed $6,000)

**Execution of Sentence**

☒ The Court ORDERS Defendant's sentence EXECUTED. The Court FINDS that Defendant is entitled to the jail time credit indicated above. The attorney for the state, attorney for the defendant, the County Sheriff, and any other person having or who had custody of Defendant shall assist the clerk, or person responsible for completing this judgment, in calculating Defendant's credit for time served. All supporting documentation, if any, concerning Defendant's credit for time served is incorporated herein by this reference.

**Furthermore, the following special findings or orders apply:**

☒ THE COURT ENTERS AN AFFIRMATIVE FINDING THAT DEFENDANT HAS BEEN FOUND GUILTY OF A FELONY.

**Date Judgment Entered: on this the 14th day of May, 2025**



**LELA LAWRENCE MAYS**
**JUDGE PRESIDING**

Thumbprint/F-21-60859.

**BY: BREAHNTE MURRAY**

OCA Standard Judgment Form (Effective 02/23/2023)

Page 3 of 4

EXHIBIT A - Page 3 of 5

Cause No. F21-60859 _____

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | IN THE 283RD JUDICIAL _____ |
| **VS.** | § | DISTRICT COURT _____ |
| **ADRIAN JAMES NORIEGA** | § | DALLAS COUNTY, TEXAS |

### JUDGMENT CERTIFICATE OF DEFENDANT'S PRINTS



Defendant's Right Thumb*                    Defendant's Hand

THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE-NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION OF THE ABOVE STYLED AND NUMBERED CAUSE.

*Indicate here if print other than the defendant's right thumb is placed above:

❏ Left Thumbprint

❏ Left / Right Index Finger

❏ Other:

DONE THIS DAY ___14___ _May_____, 20_25_.

DEPUTY L. HOUGH #1339
SUPERVISION OFFICER/ BAILIFF / DEPUTY SHERIFF

Page 4 of 6

EXHIBIT A - Page 4 of 5

Cause No. F-21-60859                                TRN 9250349300

THE STATE OF TEXAS                    §      IN THE 283RD JUDICIAL DISTRICT
                                      §                              COURT
        V.                            §
ADRIAN JAMES NORIEGA                  §      DALLAS COUNTY, TEXAS
SID: TX-06350162                      §

## CLERK'S CERTIFICATE

I, **Felicia Pitre**, Clerk of the District Courts within and for the State of Texas and Dallas County, do hereby certify that the above and foregoing is a true and correct copy of judgment and imposition of sentence in Cause No. **F-21-60859**, entitled The State of Texas vs. **ADRIAN JAMES NORIEGA** as the same appears on record now on file in my office.

Given under my hand and seal of office in Dallas County, Texas on **May 14, 2025**.

Felicia Pitre
District Clerk
Dallas County, Texas

*Breahnte' Murray*

By: BREAHNTE MURRAY
Deputy District Clerk



CAUSE NO. F-21-60860
INCIDENT NO./TRN: 9250349300

| THE STATE OF TEXAS | § | IN THE |
| | § | |
| V. | § | 283RD JUDICIAL DISTRICT COURT |
| | § | |
| ADRAIN JAMES NORIEGA | § | DALLAS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TXTX-06350162 | § | |

## JUDGMENT ADJUDICATING GUILT

| Judge Presiding: **MOLLY FRANCIS** | Date Sentence Imposed: **05/14/2025** |
| Attorney for State: **MARQUITA RUFF  24133222** | Attorney for Defendant: **NATASHA HOY  24043277** |
| Date of Original Community Supervision Order:<br><br>**11/10/2022** | Statute for Offense:<br><br>**481.115(b) Health and Safety Code** |

Offense for which Defendant Convicted:

**POSSESSION OF CONTROLLED SUBSTANCE TO WIT:
METHAMPHETAMINE PG 1/1 - B < 1 GRAM**

| Date of Offense:<br><br>**11/18/2021** | Degree of Offense:<br><br>**STATE JAIL FELONY** |
| Plea to Motion to Adjudicate:<br><br>**TRUE** | Findings on Deadly Weapon:<br><br>**N/A** |

Terms of Plea Bargain (if any): or ☐ Terms of Plea Bargain are attached and incorporated herein by this reference.

**OPEN**

Punishment and Place of Confinement:    **6 MONTHS**    ,Term   **STATE JAIL**

Date Sentence Commences: (Date does not apply to confinement served as a condition of community supervision.)

**05/14/2025**

### THIS SENTENCE SHALL RUN: CONCURRENT WITH ALL OTHER CASES

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR    .

(The document setting forth the conditions of community supervision is incorporated herein by this reference.)

| Fines: | Court Costs: | Restitution | Restitution Payable to: |
| **$ 0.00** | **$ 286.00** | **$ N/A** | (See special finding or order of restitution which is incorporated herein by this reference.) |

☐ Defendant is required to register as sex offender in accordance with Chapter 62, Tex. Code Crim. Proc.

(For sex offender registration purposes only) The age of the victim at the time of the offense was N/A  .

| Total Jail Time Credit:<br>**386 DAYS** | If Defendant is to serve sentence in county jail or is given credit toward the fine and costs, enter days credited below.<br>**N/A DAYS**    **NOTES: N/A** |

OCA Standard Judgment Form (Effective 02/23/2023)

Page 1 of 4

Was the victim impact statement returned to the attorney representing the State? **N/A**
*(FOR STATE JAIL FELONY OFFENSES ONLY)* Is Defendant presumptively entitled to diligent participation credit in accordance with Article 42A.559, Tex. Code Crim. Proc.? **N/A**

The Court previously deferred adjudication of guilt in this case. Subsequently, the State filed a motion to adjudicate guilt.
The case was called for hearing. The State appeared by her District Attorney as named above.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared with Counsel.

☐ Defendant appeared without counsel and knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

After hearing and considering the evidence presented by both sides, the Court FINDS THE FOLLOWING: (1) The Court previously found Defendant qualified for deferred adjudication community supervision; (2) The Court deferred further proceedings, made no finding of guilt, and rendered no judgment; (3) The Court issued an order placing Defendant on deferred adjudication community supervision for a period of **2 YEARS** ; (4) The Court assessed a fine of $ **0**; (5) While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's ORIGINAL Motion to Adjudicate Guilt, as follows: **27, 28, 27, 28**

Accordingly, the Court GRANTS the State's Motion to Adjudicate. FINDING that the Defendant committed the offense indicated above, the Court ADJUDGES Defendant GUILTY of the offense. The Court FINDS that the Presentence Investigation, if so ordered, was done according to the applicable provisions of Subchapter F, Chapter 42A, Tex. Code Crim. Proc.

The Court ORDERS Defendant punished as indicated above. After having conducted an inquiry into Defendant's ability to pay, the Court ORDERS Defendant to pay the fines, court costs, reimbursement fees, and restitution as indicated above.

**Punishment Options (select one)**

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the County Sheriff to take and deliver Defendant to the Director of the Correctional Institutions Division, TDCJ, for placement in confinement in accordance with this judgment. The Court ORDERS Defendant remanded to the custody of the County Sheriff until the Sheriff can obey the directions in this paragraph. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant committed to the custody of the County Sheriff immediately or on the date the sentence commences. Defendant shall be confined in the county jail for the period indicated above. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.

☐ **County Jail—State Jail Felony Conviction.** Pursuant to §12.44(a), Tex. Penal Code, the Court FINDS that the ends of justice are best served by imposing confinement permissible as punishment for a Class A misdemeanor instead of a state jail felony. Accordingly, Defendant will serve punishment in the county jail as indicated above. The Court ORDERS Defendant committed to the custody of the County Sheriff immediately or on the date the sentence commences. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay the fine, court costs, reimbursement fees, and restitution ordered by the Court in this cause.

☐ **Confinement as a Condition of Community Supervision.** The Court ORDERS Defendant confined _____ days in _____ as a condition of community supervision. The period of confinement as a condition of community supervision starts when Defendant arrives at the designated facility, absent a special order to the contrary.

**Fines Imposed Include (check each fine and enter each amount as pronounced by the court):**

☐ General Fine (§12.32, 12.33, 12.34, or 12.35, Penal Code, Transp. Code, or other Code) $ _____ (not to exceed $10,000)

☐ Add 1 Monthly Fine for Sex Offenders (Art. 42A.653, Code Crim. Proc.) $ _____ ($5.00/per month of community supervision)

☐ Child Abuse Prevention Fine (Art. 102.0186, Code Crim. Proc.) $ _____ ($100)

☐ EMS, Trauma Fine (Art. 102.0185, Code Crim. Proc.) $ _____ ($100)

☐ Family Violence Fine (Art. 42A.504 (b), Code Crim. Proc.) $ _____ ($100)

☐ Juvenile Delinquency Prevention Fine (Art. 102.0171(a), Code Crim. Proc.) $ _____ ($50)

☐ State Traffic Fine (§ 542.4031, Transp. Code) $ _____ ($50)

☐ Children's Advocacy Center Fine - as Cond of CS (Art. 42A.455, Code Crim. Proc.) $ _____ (not to exceed $50)

☐ Repayment of Reward Fine (Art. 37.073/42.152, Code Crim. Proc.) $ _____ (To Be Determined by the Court)

☐ Repayment of Reward Fine - as Cond of CS (Art. 42A.301 (b) (20), Code Crim. Proc.) $ _____ (not to exceed $50)

☐ DWI Traffic Fine (a/k/a Misc. Traffic Fines) (§ 709.001, Transp. Code) $ _____ (not to exceed $6,000)

**Execution of Sentence**

☒ The Court ORDERS Defendant's sentence EXECUTED. The Court FINDS that Defendant is entitled to the jail time credit indicated above. The attorney for the state, attorney for the defendant, the County Sheriff, and any other person having or who had custody of Defendant shall assist the clerk, or person responsible for completing this judgment, in calculating Defendant's credit for time served. All supporting documentation, if any, concerning Defendant's credit for time served is incorporated herein by this reference.

OCA Standard Judgment Form (Effective 02/23/2023)                    Page 2 of 4

**Furthermore, the following special findings or orders apply:**

☒ THE COURT ENTERS AN AFFIRMATIVE FINDING THAT DEFENDANT HAS BEEN FOUND GUILTY OF A FELONY.

Date Judgment Entered: on this the 14th day of May, 2025

_Lela Lawrence Mays_
**LELA LAWRENCE MAYS**
**JUDGE PRESIDING**

Thumbprint/F-21-60860

**BY: BREAHNTE MURRAY**

EXHIBIT B - Page 3 of 5

Cause No. F21-60860 _____

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 283RD JUDICIAL _____ |
| VS. | § | DISTRICT COURT _____ |
| ADRIAN JAMES NORIEGA | § | DALLAS COUNTY, TEXAS |

### JUDGMENT CERTIFICATE OF DEFENDANT'S PRINTS



Defendant's Right Thumb*                                         Defendant's Hand

THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE-NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION OF THE ABOVE STYLED AND NUMBERED CAUSE.

*Indicate here if print other than the defendant's right thumb is placed above:

❑ Left Thumbprint

❑ Left / Right Index Finger

❑ Other:

DONE THIS DAY _____ 14 May _____ , 20 25 .

**DEPUTY L. HOUGH #1339**
_____
SUPERVISION OFFICER/ BAILIFF / DEPUTY SHERIFF

Page 4 of 6

EXHIBIT B - Page 4 of 5

Cause No. F-21-60860                                    TRN 9250349300

THE STATE OF TEXAS                  §        IN THE 283RD JUDICIAL DISTRICT
                                                                    COURT

         V.                                  §
ADRAIN JAMES NORIEGA                §        DALLAS COUNTY, TEXAS
SID: TX-06350162                    §

## CLERK'S CERTIFICATE

I, **Felicia Pitre**, Clerk of the District Courts within and for the State of Texas and Dallas County, do hereby certify that the above and foregoing is a true and correct copy of judgment and imposition of sentence in Cause No. **F-21-60860**, entitled The State of Texas vs. **ADRAIN JAMES NORIEGA** as the same appears on record now on file in my office.

Given under my hand and seal of office in Dallas County, Texas on **May 14, 2025**.

Felicia Pitre
District Clerk
Dallas County, Texas

*Breahnte' Murray*

By: BREAHNTE MURRAY
Deputy District Clerk

OCA Standard Judgment Form (Effective 02/23/2023)                              Page 4 of 4



CAUSE NO. F-15-23451
INCIDENT NO. /TRN: 9196948930

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE |
| V. | § | 283RD JUDICIAL DISTRICT COURT |
| DARIUS LATRELL RICHARDSON | §<br>§ | DALLAS COUNTY, TEXAS |
| STATE ID NO.: TXTX-50658457 | § | |

## JUDGMENT ADJUDICATING GUILT

| | |
|---|---|
| Judge Presiding:    **JUDGE MOLLY FRANCIS** | Date Sentence Imposed: **04/02/2025** |
| Attorney for State: **JESSICA LYNCH #24084438** | Attorney for Defendant: **BRUCE KAYE #00784374** |
| Date of Original Community Supervision Order:<br><br>**11/25/2015** | Statute for Offense:<br><br>**32.31 Penal Code** |
| Offense for which Defendant Convicted:<br><br>**CREDIT CARD ABUSE** | |
| Date of Offense:<br><br>**02/08/2015** | Degree of Offense:<br><br>**STATE JAIL FELONY** |
| Plea to Motion to Adjudicate:<br><br>**TRUE** | Findings on Deadly Weapon:<br><br>**N/A** |

Terms of Plea Bargain (if any): or ☐ Terms of Plea Bargain are attached and incorporated herein by this reference.

**12 MONTHS CONFINEMENT IN STATE JAIL**

Punishment and Place of Confinement:   **12 MONTHS   ,Term   STATE JAIL**

Date Sentence Commences: (Date does not apply to confinement served as a condition of community supervision.)

**04/02/2025**

### THIS SENTENCE SHALL RUN: CONCURRENT WITH ALL OTHER CASES

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR   .

(The document setting forth the conditions of community supervision is incorporated herein by this reference.)

| Fines: | Court Costs: | Restitution | Restitution Payable to: AGENCY/AGENT |
|---|---|---|---|
| **$ 0.00** | **$ 185.10** | **$ 64.79** | (See special finding or order of restitution which is incorporated herein by this reference.) |

☐ Defendant is required to register as sex offender in accordance with Chapter 62, Tex. Code Crim. Proc.

(For sex offender registration purposes only) The age of the victim at the time of the offense was N/A .

| Total Jail Time<br>Credit:<br>**322 DAYS** | If Defendant is to serve sentence in county jail or is given credit toward the fine and costs, enter days credited below.<br>**N/A DAYS**       **NOTES: N/A** |
|---|---|

OCA Standard Judgment Form (Effective 02/23/2023)

Page 1 of 4

EXHIBIT C - Page 1 of 12

Was the victim impact statement returned to the attorney representing the State?  N/A
*(FOR STATE JAIL FELONY OFFENSES ONLY)*  Is Defendant presumptively entitled to diligent participation credit in accordance with Article 42A.559, Tex. Code Crim. Proc.? N/A

The Court previously deferred adjudication of guilt in this case.  Subsequently, the State filed a motion to adjudicate guilt. The case was called for hearing. The State appeared by her District Attorney as named above.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared with Counsel.

☐ Defendant appeared without counsel and knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

After hearing and considering the evidence presented by both sides, the Court FINDS THE FOLLOWING: (1) The Court previously found Defendant qualified for deferred adjudication community supervision; (2) The Court deferred further proceedings, made no finding of guilt, and rendered no judgment; (3) The Court issued an order placing Defendant on deferred adjudication community supervision for a period of 4 YEARS ; (4) The Court assessed a fine of $ 0.00; (5) While on deferred adjudication community supervision, Defendant violated the conditions of community supervision, as set out in the State's ORIGINAL   Motion to Adjudicate Guilt, as follows: **Z**

Accordingly, the Court GRANTS the State's Motion to Adjudicate. FINDING that the Defendant committed the offense indicated above, the Court ADJUDGES Defendant GUILTY of the offense. The Court FINDS that the Presentence Investigation, if so ordered, was done according to the applicable provisions of Subchapter F, Chapter 42A, Tex. Code Crim. Proc.

The Court ORDERS Defendant punished as indicated above. After having conducted an inquiry into Defendant's ability to pay, the Court ORDERS Defendant to pay the fines, court costs, reimbursement fees, and restitution as indicated above.

**Punishment Options (select one)**

☒ **Confinement in State Jail or Institutional Division.**  The Court ORDERS the authorized agent of the State of Texas or the County Sheriff to take and deliver Defendant to the Director of the Correctional Institutions Division, TDCJ, for placement in confinement in accordance with this judgment. The Court ORDERS Defendant remanded to the custody of the County Sheriff until the Sheriff can obey the directions in this paragraph. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.**  The Court ORDERS Defendant committed to the custody of the County Sheriff immediately or on the date the sentence commences.  Defendant shall be confined in the county jail for the period indicated above.  Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.

☐ **County Jail—State Jail Felony Conviction.**  Pursuant to §12.44(a), Tex. Penal Code, the Court FINDS that the ends of justice are best served by imposing confinement permissible as punishment for a Class A misdemeanor instead of a state jail felony. Accordingly, Defendant will serve punishment in the county jail as indicated above. The Court ORDERS Defendant committed to the custody of the County Sheriff immediately or on the date the sentence commences. Upon release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.

☐ **Fine Only Payment.**  The punishment assessed against Defendant is for a FINE ONLY.  The Court ORDERS Defendant to proceed immediately to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay the fine, court costs, reimbursement fees, and restitution ordered by the Court in this cause.

☐ **Confinement as a Condition of Community Supervision.** The Court ORDERS Defendant confined          days in      as a condition of community supervision. The period of confinement as a condition of community supervision starts when Defendant arrives at the designated facility, absent a special order to the contrary.

**Fines Imposed Include (check each fine and enter each amount as pronounced by the court):**

☐ General Fine (§§12.32, 12.33, 12.34, or 12.35, Penal Code, Transp. Code, or other Code) $          (not to exceed $10,000)

☐ Add'l Monthly Fine for Sex Offenders (Art. 42A.653, Code Crim. Proc.) $          ($5.00/per month of community supervision)

☐ Child Abuse Prevention Fine (Art. 102.0186, Code Crim. Proc.) $          ($100)

☐ EMS, Trauma Fine (Art. 102.0185, Code Crim. Proc.) $          ($100)

☐ Family Violence Fine (Art. 42A.504 (b), Code Crim. Proc.) $          ($100)

☐ Juvenile Delinquency Prevention Fine (Art. 102.0171(a), Code Crim. Proc.) $          ($50)

☐ State Traffic Fine (§ 542.4031, Transp. Code) $          ($50)

☐ Children's Advocacy Center Fine - as Cond of CS (Art. 42A.455, Code Crim. Proc.) $          (not to exceed $50)

☐ Repayment of Reward Fine (Art. 37.073/42.152, Code Crim. Proc.) $          (To Be Determined by the Court)

☐ Repayment of Reward Fine - as Cond of CS (Art. 42A.301 (b) (20), Code Crim. Proc.) $          (not to exceed $50)

☐ DWI Traffic Fine (a/k/a Misc. Traffic Fines) (§ 709.001, Transp. Code) $          (not to exceed $6,000)

**Execution of Sentence**

☒ The Court ORDERS Defendant's sentence EXECUTED. The Court FINDS that Defendant is entitled to the jail time credit indicated above. The attorney for the state, attorney for the defendant, the County Sheriff, and any other person having or who had custody of Defendant shall assist the clerk, or person responsible for completing this judgment, in calculating Defendant's credit for time served. All supporting documentation, if any, concerning Defendant's credit for time served is incorporated herein by this reference.

OCA Standard Judgment Form (Effective 02/23/2023)                                         Page 2 of 4

EXHIBIT C - Page 2 of 12

**<u>Furthermore, the following special findings or orders apply:</u>**

☒ THE COURT ENTERS AN AFFIRMATIVE FINDING THAT DEFENDANT HAS BEEN FOUND GUILTY OF A FELONY.

CC & FINES WAIVED

Date Judgment Entered: on this the 2nd day of April, 2025



**JUDGE MOLLY FRANCIS**
**JUDGE PRESIDING**

Thumbprint/F-15-23451

BY: **SHANNON JAMES**

OCA Standard Judgment Form (Effective 02/23/2023)

Page 3 of 4

EXHIBIT C - Page 3 of 12

CAUSE NO. F 1523451T

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 283rd JUDICIAL |
| V. | § | DISTRICT COURT OF |
| DARIUS LATRELL RICHARDSON | § | DALLAS COUNTY, TEXAS |

### MOTION TO REVOKE COMMUNITY SUPERVISION OR PROCEED WITH AN ADJUDICATION OF GUILT

COMES NOW the State of Texas by and through her Criminal District Attorney and would show the Court the following:

That **DARIUS LATRELL RICHARDSON**, Defendant was duly and legally placed on community supervision for a period of <u>FOUR YEARS</u> and extended thereafter in the above entitled and numbered cause in the <u>283rd JUDICIAL DISTRICT COURT</u> of Dallas County, Texas, on the <u>25th</u> day of <u>NOVEMBER, 2015</u> for the offense of: <u>CREDIT CARD OR DEBIT CARD ABUSE</u>.

That the Defendant has violated the following conditions: <u>Z</u> of said supervision in that:

SEE ATTACHED PAGE(S)

This violation offense occurred after <u>November 25th 2015</u> and during the term of Supervision.

WHEREFORE, the State prays that said Defendant be cited to appear before this Honorable Court and show cause why the Court should not revoke community supervision or proceed with an adjudication of guilt on the original charge:

```
FILED

11 \ 8 \ 23

FELICIA PITRE
QB

DEPUTY
```

John Creuzot
District Attorney
Dallas County, Texas

BY: /s/ Abby Parmelly
Assistant District Attorney

A copy of this motion was delivered to the Defendant on the 16th day of MARCH A.D., 20 25

_____ (CSO)

I received a copy of this motion on the 16th day of MARCH A.D. 2025

_____
(Defendant)

1

EXHIBIT C - Page 4 of 12

CAUSE No. F 1523451T

THE STATE OF TEXAS                        §          IN THE 283rd JUDICIAL

V.                                        §          DISTRICT COURT OF

DARIUS LATRELL RICHARDSON                 §          DALLAS COUNTY, TEXAS

## MOTION TO REVOKE COMMUNITY SUPERVISION OR PROCEED WITH AN ADJUDICATION OF GUILT

Z.    The Defendant, Darius Latrell Richardson, failed to participate in Treatment at: The Dallas County Judicial Treatment Center Program Lancaster, TX by entering the program and making observable and diligent effort to comply with all directives, following all rules and regulations of the Treatment Center, to include Supportive Housing if required and Continuum of Care upon completion of the residential phase;

2

EXHIBIT C - Page 5 of 12



VOL 624 PAGE 274

## CASE NO. F-1523451-T
INCIDENT NO./TRN: 9196948930

| | | |
|---|---|---|
| THE STATE OF TEXAS | § § § | IN THE 283rd JUDICIAL DISTRICT |
| V. | § § | COURT |
| DARIUS LATRELL RICHARDSON | § § | DALLAS COUNTY, TEXAS |
| STATE ID NO.: TX50658457 | § § | |

## ORDER OF DEFERRED ADJUDICATION

| Judge Presiding: | HON.<br>Anthony Randall, Magistrate | Date Order Entered: | 11/25/2015 |
|---|---|---|---|

| Attorney for State: | Emily Deans | Attorney for Defendant: | Anthony Eiland |
|---|---|---|---|

Offense:
**CREDIT CARD ABUSE**

| Charging Instrument:<br>INDICTMENT | Statute for Offense:<br>32.31 Penal Code |
|---|---|

Date of Offense:
2/8/2015

| Degree of Offense:<br>STATE JAIL FELONY | Plea to Offense:<br>GUILTY | Findings on Deadly Weapon:<br>N/A |
|---|---|---|

Terms of Plea Bargain:
4 YEARS DEFERRED

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

### ADJUDICATION OF GUILT DEFERRED;
### DEFENDANT PLACED ON COMMUNITY SUPERVISION.

### PERIOD OF COMMUNITY SUPERVISION: 4 YEARS

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ N/A | $ 249 | $ 64.79 | (see below) ☒ AGENCY/AGENT ☐ VICTIM |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was N/A .

| Time Credited: | N/A DAYS<br>NOTES: N/A |
|---|---|

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Dallas County, Texas. The State appeared by her District Attorney as named above.

Counsel / Waiver of Counsel (select one)

RICHARDSON, DARIUS LATRELL  F-1523451-T          Page 1 of 2

EXHIBIT C - Page 6 of 12



☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

    Both parties announced ready for trial. Defendant waived the right of trial by jury and entered a plea as indicated above. The Court admonished the Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court FINDS such evidence substantiates Defendant's guilt. The Court FINDS that, in this cause, it is in the best interest of society and Defendant to defer proceedings without entering an adjudication of guilt and to place Defendant on community supervision.

    The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

    The Court ORDERS that Defendant is given credit noted above for the time spent incarcerated. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

    The Court ORDERS that no judgment shall be entered at this time. The Court further ORDERS that Defendant be placed on community supervision for the adjudged period so long as Defendant abides by and does not violate the terms and conditions of community supervision. See TEX. CODE CRIM. PROC. art. 42.12 § 5(a).

### Furthermore, the following special findings or orders apply:

X    *R.H. Magnis*

Rick Magnis
JUDGE PRESIDING

Clerk: S. LINSCOME

Right Thumbprint*

*Thumbprint Certification attached.

## CONDITIONS OF COMMUNITY SUPERVISION

THE STATE OF TEXAS

vs.

DARIUS LATRELL RICHARDSON
Probation Type: DEFERRED
Cause No.:
  F1524485T

  F1523451T

IN THE  283RD JDC
DALLAS COUNTY, TEXAS

July                    TERM, 2015

ML. No.:  C-559342
Offense:
  THEFT PROP >=$1500 < $20K

  CREDIT CARD OR DEBIT CARD ABUSE

In accordance with the authority conferred by the Community Supervision and Parole Law of the State of Texas you have been placed on Community Supervision on this date 11/25/2015 for a period of __4__ years . It is the order of this Court that you comply with the following conditions of supervision:

### Please see attached list of conditions of Community Supervision

You are hereby advised that under the law of this State, the Court shall determine the terms and conditions of your supervision, and may at any time during the period of Supervision, alter or modify the conditions of your Supervision. The Court also has the authority at any time during the period of Supervision to revoke your Supervision and /or proceed to adjudication for violation of any of the conditions of your Supervision set out above.

Witness our Signatures this 25TH DAY OF NOVEMBER, 2015

_____
Defendant

_____
Court Supervision Officer

_____
Judge RICK MAGNIS

1 of 3

EXHIBIT C - Page 8 of 12

## CONDITIONS OF COMMUNITY SUPERVISION

THE STATE OF TEXAS

Vs.

DARIUS LATRELL RICHARDSON
Probation Type: DEFERRED
Cause No.:

F1524485T

F1523451T

IN THE 283RD JDC
DALLAS COUNTY, TEXAS

July          TERM, 2015

ML. No.: C-559342
Offense:

THEFT PROP >=$1500 < $20K

CREDIT CARD OR DEBIT CARD
ABUSE

(a)    Commit no offense against the laws of this or any other State or the United States, and do not possess a firearm during the term of Supervision;

(b)    Avoid injurious and vicious habits, and do not use marijuana, narcotics, dangerous drugs, inhalants or prescription medication without first obtaining a prescription for said substances from a licensed physician;

(c)    Avoid persons or places of disreputable or harmful character and do not associate with individuals who commit offenses against the laws of this State or the United States;

(d)    Obey all rules and regulations of the Supervision Department, and report in the manner and time as directed by the Judge or Supervision Officer, to-wit: Monthly, Twice Monthly or Weekly.

(e)    Permit the Supervision Officer to visit you at your home or elsewhere, and notify the Supervision Officer not less than twenty-four (24) hours prior to any changes in your home or employment address;

(f)    Work faithfully at suitable employment as far as possible, and seek the assistance of the Supervision Officer in your efforts to secure employment when unemployed;

(g)    Remain within a specified place; to-wit:  Dallas County, Texas, or Approved Supervising County, and do not travel outside Dallas County, or Approved Supervising County, without first having obtained written permission from the Court or Supervising Officer;

(h)    Report in person immediately upon your release to the District Clerk Felony Collections Dept. 2nd Fl., Room C2-3 Frank Crowley Bldg., to arrange payment of Court Costs (amount to be assessed by Court Clerk), Fine, and, if assessed Attorney Fees. In addition, pay in full all monies as assessed by the Court pursuant to the payment agreement established by the Felony Collections Department.

(i)    Support your dependants;

(j)    Pay a Supervision fee of $60.00 per month plus a $2.00 transaction fee to the Supervision Officer of this Court on or before the first day of each month hereafter during Supervision; money order, cashiers check or credit card online at www.payfeesnow.com;

(k)    Participate in the Community based program, Dallas Area Crime Stoppers Inc., by making a monetary contribution of $50.00 payable through the Community Supervision Officer of this Court as directed within 90 days of being placed on Community Supervision;

2 of 3

EXHIBIT C - Page 9 of 12

## CONDITIONS OF COMMUNITY SUPERVISION

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 283RD JDC |
| | DALLAS COUNTY, TEXAS |
| Vs. | |
| | July          TERM, 2015 |
| DARIUS LATRELL RICHARDSON | |
| Probation Type: DEFERRED | ML. No.: C-659342 |
| Cause No.: | Offense: |
| F1524485T | THEFT PROP >=$1500 < $20K |
| F1523451T | CREDIT CARD OR DEBIT CARD ABUSE |

(l)   First contact to the Volunteer Center must be made by the defendant within 30 days from referral and defendant is to start -0- hours of Community Service at an approved Community Service Project or projects designated by the Community Supervision and Corrections Department. A processing fee of $55.00 payable to the Volunteer Center, will be required for referrals through the Volunteer Center. Hours of service to be completed by term of Supervision;

(m)   Report as directed to the Community Supervision and Corrections Department Comprehensive Assessment and Treatment Services program (C.A.T.S), Frank Crowley Bldg., 133 N. Riverfront Blvd., 9th floor, Dallas TX 75207, obey all program instructions and/or treatment for Substance Abuse and/or Psychological Health; and continue with such adherence until release is granted by the program or the Court. Pay any costs assessed by CATS in accordance with program guidelines. (Reporting hours are from 8:00 a.m. until 5:00 p.m.)

(n)   Submit a non-diluted random urine sample and/or medical test/breathalyzer test at the request of the Supervision Officer to determine the use of illicit drugs or alcohol, paying the total cost of such urinalysis of $200.00 payable at $10.00 monthly to the Community Supervision and Corrections Department;

(o)   Submit as directed, a buccal swab specimen to the Department of Public Safety under Sub-Chapter G, Chapter 411, Government Code, for the purpose of creating a DNA record of the defendant (Article 42.12 & 11(a)(22);   All costs incurred are to be paid by the Defendant;

(p)   Make restitution in the amount of $ 64.79 for the loss sustained by the injured party in Cause Number F1523451T. Payments are to be paid through the community supervision officer of this court at the rate of $ 10.00 per month. Payments are due on or before the first day of each month thereafter until paid in full;

(q)   Attend all school and or GED classes every school day unless you have an excused absence according to school rules. Obey all published school rules and regulations. A suspension or expulsion is an unexcused absence;

(r)   Call within 5 calendar days and schedule an appointment at the GARLAND OFFICE at 214-751-4430, 1137 S. Jupiter Plaza, Garland, TX 75042;

3 of 3

EXHIBIT C - Page 10 of 12

Cause No. F1 5-23451

STATE OF TEXAS                          § .                    IN THE       283

VS.                                     §                      DISTRICT COURT
                                        §
DARIUS RICHARDSON                       §                      DALLAS COUNTY, TEXAS

### JUDGMENT CERTIFICATE OF DEFENDANT'S PRINTS



Defendant's Right Thumb*                                    Defendant's Hand

THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE-NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION OF THE ABOVE STYLED AND NUMBERED CAUSE.

*Indicate here if print other than the defendant's right thumb is placed above:

❑ Left Thumbprint

❑ Left / Right Index Finger

❑ Other:

DONE THIS DAY 2nd ⬛APRIL 2025

R. Jackson #1404
SUPERVISION OFFICER/ BAILIFF / DEPUTY SHERIFF

7

EXHIBIT C - Page 11 of 12

Cause No. F-15-23451                                          TRN 9196948930

THE STATE OF TEXAS                      §        IN THE 283RD JUDICIAL DISTRICT
                                                                           COURT
        V.                                       §
DARIUS LATRELL RICHARDSON                §        DALLAS COUNTY, TEXAS
SID: TX-50658457                         §

## CLERK'S CERTIFICATE

I, **Felicia Pitre**, Clerk of the District Courts within and for the State of Texas and Dallas County, do hereby certify that the above and foregoing is a true and correct copy of judgment and imposition of sentence in Cause No. **F-15-23451**, entitled The State of Texas vs. **DARIUS LATRELL RICHARDSON** as the same appears on record now on file in my office.

Given under my hand and seal of office in Dallas County, Texas on **April 02, 2025**.

Felicia Pitre
District Clerk
Dallas County, Texas

By: SHANNON JAMES
Deputy District Clerk

OCA Standard Judgment Form (Effective 02/23/2023)                                    Page 4 of 4

EXHIBIT C - Page 12 of 12

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## PEN PACKET DOCUMENT CHECKLIST[1]
### 9/2019

| OFFENDER'S NAME: | **RICHARDSON** | **DARIUS** | **L** |
|---|---|---|---|
| (Please Print) | Last | First | MI |

| Gender: **M** | **50658457** | **886430DH6** | **F1523451** | |
|---|---|---|---|---|
| M / F | SID/DPS Number | FBI Number | CAUSE Number | |
| **F283** | **Dallas** | | **9196948930** | **A001** |
| Court Number | County Name/ Number | Co. Offender/ SPN Number | TRN Number | TRS Number(s) |

Additional TRS numbers: _____

## OFFENDER TYPE AND HEALTH CARE NEEDS:

| ☐ SAFPF | Indicate if the offender is regular or special needs (it is *IMPERATIVE* to mark one):<br>☐ **Regular Needs**   ☐ **Special Needs***<br>*If special needs, specify:*<br><br>*See program exclusionary criteria on Definitions and Guidelines for Completing the TDCJ Pen Packet Document Checklist. |
|---|---|
| ☐ Prison<br><br>☒ **State Jail** | Indicate if the offender is regular or special needs (it is *IMPERATIVE* to mark one):<br>☒ **No Special Health Care Requirements**<br><br>☐ **Requires Special Health Care**, such as AIDS, dialysis, disabilities, infectious disease, oxygen, pregnancy, requires assistance with ADLs, wheelchair dependence, and other serious medical or mental health conditions. Call the TDCJ Health Services Liaison at 936-437-3589 to coordinate intake. Sec. III documents may be required. |

### I. REQUIRED DOCUMENTS FOR ALL OFFENDERS:    CHECK

| | | |
|---|---|---|
| 1. | Standardized Felony Judgment Form: Official certified copy, including a judge's signature and the offender's thumbprint. | ☒ |
| 2. | Criminal history information | ☒ |
| 3. | A written report describing each offense for which the defendant is sentenced to the TDCJ | ☒ |
| 4. | A copy of the indictment or waiver of indictment by information for each offense the defendant is sentenced to the TDCJ | ☒ |
| 5. | Jail Conduct Report | ☒ |

### II. REQUIRED DOCUMENTS FOR ALL OFFENDERS (IF PREPARED OR APPLICABLE):    CHECK

| | | |
|---|---|---|
| 1. | Detainers, holds, or warrants | ☐ |
| 2. | Pre- or post-sentence investigation report | ☐ |
| 3. | Revocation report, including any amounts owed for restitution, fines, and court costs | ☐ |
| 4. | Client supervision plan | ☐ |
| 5. | Victim impact statement | ☐ |

### III. REQUIRED DOCUMENTS TO ACCOMPANY ALL OFFENDERS UPON PHYSICAL ADMISSION:    CHECK

| | | |
|---|---|---|
| 1. | **Texas Uniform Health Status Update (TUHSU) Form:** (TCCP art. 42.09 § 9) A report of any special medical or mental health needs of the offender. Submit a copy with the Pen Packet Document Checklist when requesting admission for SAFP facility offenders with special needs. | ☐ |
| 2. | Screening Form for Suicide and Medical/Mental/Developmental Impairments | ☐ |
| 3. | **Mental Health Screening Reports and/or Similar Information Regarding the Offender's Mental Health (TCCP Article 42.09):** *See the Definitions & Guidelines for required **documents**. | ☐ |

### CERTIFY THAT ALL DOCUMENTS CHECKED ABOVE ARE ATTACHED:

| **Johnny Barnes** | **TDC CLERK** | **2146532637** |
|---|---|---|
| Printed Name of Person Completing Checklist | Title | Contact Information for Person Completing Checklist |
| **Johnny C. Barnes III** Digitally signed by Johnny C. Barnes III Date: 2025.05.27 15:13:32 -05'00' | | **5** / **27** / **2025** |
| Signature of Person Completing Checklist | | Date of Completion |

1 Companion Definitions and Guidelines Available

EXHIBIT D



# Texas Department of Criminal Justice

_____ Bryan Collier
**Executive Director**

June 2, 2025

Dallas County Sheriff's Office

The Admissions Department received a judgment (s) on Inmate **Richardson, Darius.**
SID# **50658457,** who was sentenced to **12 months** State Jail.

After a review of the documentation that your department sent, it was determined that
Cause # (s) **F-15-23451** Expired on **05/14/2025.**

**\*\*THIS LETTER IS FOR THE CAUSE(S) LISTED ONLY—IT DOES NOT COVER ANY
POSSIBLE DETAINERS, HOLDS, OR WARRANTS. \*\***

Timothy Fitzpatrick
Director Classification & Records

*sc*

Texas Department of Criminal Justice
Admissions Office
P.O. Box 99
Huntsville, Texas 77342
936-437-6236

EXHIBIT E