UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIAN JAMES NORIEGA, | § | |
| DARIUS LATRELL RICHARDSON, | § | |
| Plaintiffs, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | 3:25-CV-01567-B |
| | § | |
| DALLAS COUNTY, TEXAS, | § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS'
FIRST AMENDED COMPLAINT, AND JURY DEMAND**

TO THE HONORABLE COURT:

Defendant, Dallas County, Texas ("the County"), files its answer, defenses and affirmative

defenses, and jury demand in response to Plaintiffs' First Amended Complaint (the "Complaint")

(ECF No. 32).

## I.     ANSWER TO THE COMPLAINT

The first unnumbered paragraph on Complaint page 1 does not contain any allegations that

require an answer or response.

1.1     Complaint paragraph 1 does not contain any allegations that require an answer or

response.

1.2     The County answers as follows with respect to Complaint paragraph 2:

1.2.1     The County admits the allegations in the first sentence.

1.2.2     The County denies the vague allegations in the second sentence.

1.3     The County denies, as pleaded, the vague the allegations in Complaint paragraph

3, but admits that the Dallas County District Clerk has statutorily imposed duties as the custodian

of certain official county records and judicial documents, preparation of certain county official

records and judicial documents, and management of certain county official records and judicial

documents.

1.4     The County denies, as pleaded, the allegations in Complaint paragraph 4.  The County admits the elected sheriff has various obligations imposed by statutes and other law to administer the county jail, which includes processing documents related to the incarceration, release, and transportation of jail inmates to the physical custody of the Texas Department of Criminal Justice ("TDCJ") or elsewhere, as required by law.

1.5     The County denies the ambiguous allegations in Complaint paragraph 5.

1.6     The County denies the vague allegations in Complaint paragraph 6.

1.7     The County denies the vague allegations in Complaint paragraph 7.

1.8     Complaint paragraph 8 does not contain factual allegations that require an answer or response.  To the extent that the County is obligated to respond to the legal conclusions as set forth in that paragraph, the County answers that the cited case authorities speak for themselves, but do not establish that the County is liable to either of the Plaintiffs under § 1983.[1]

1.9     Complaint paragraph 9 does not contain any allegations that require an answer or response.

1.10    Complaint paragraph 10 does not contain any allegations that require an answer or response.

1.11    Complaint paragraph 11 does not contain any allegations that require an answer or response.

1.12    The County lacks knowledge or information sufficient to form a belief about the

---

[1] *McNeal v. LeBlanc*, 90 F.4th 425 (5th Cir. 2024), *cert. den.*, No. 24-19, 2024 WL 4427170 (U.S. Oct. 7, 2024), involved application of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), to "overdetention" suits and Louisiana Department of Public Safety and Corrections Secretary LeBlanc's interlocutory appeal of the district court's denial of Secretary LeBlanc's pleadings based qualified immunity defense to personal liability. *Parker v. LeBlanc*, 73 F.4th 402 (5th Cir. 2023), and *Hicks v. LeBlanc*, 81 F4th 497 (5th Cir. 2023), involved similar legal issues.  None of those decisions directly implicated *Monell* liability for "overdetention" claims.

truth of the vague allegations in Complaint paragraph 12.

1.13    The County lacks knowledge or information sufficient to form a belief about the truth of the vague allegations in Complaint paragraph 13.

1.14    The County admits the allegations in Complaint paragraph 14.

1.15    The County denies the vague allegations in Complaint paragraph 15.

1.16    With respect to Complaint paragraph 16, the County acknowledges that Plaintiffs demand trial by jury.

1.17    Complaint paragraph 17 does not contain any allegations that require an answer or response.  Nonetheless, the County denies that it violated Plaintiffs' rights arising under the Fourth, Eighth, or Fourteenth Amendments to the United States Constitution, arising 42 U.S.C. § 1983,[2] or arising Texas common law.

1.18    The County admits the jurisdictional allegations in Complaint paragraph 18.

1.19    The County admits the jurisdictional allegations in Complaint paragraph 19. However, Plaintiffs have stipulated to the dismissal of their state law claims and those claims have been dismissed with prejudice.[3]

1.20    The County denies, as pleaded, the jurisdictional allegations in Complaint paragraph 20, but admits that the Court has personal jurisdiction over Defendant Dallas County.

1.21    The County admits the venue allegations in Complaint paragraph 21.

1.22    The County admits the allegations in Complaint paragraph 22.

1.23    The County admits the allegations in Complaint paragraph 23.

---

[2] Plaintiffs' allegation that the County violated their rights under § 1983 is an impossibility, because as a matter of well-settled law, § 1983 does not provide any substantive rights.  Likewise, the County disputes that Texas "common law" is the source of "rights" pertinent to Plaintiffs' claims, as the term "rights" is understood.

[3] *See* Electronic Order entered on 13 August 2025 (ECF No. 11) (acknowledging Plaintiffs' stipulation to the dismissal of their state tort claims for false imprisonment and negligence, granting the County's then-pending motion to dismiss (ECF No. 7), and dismissing those claims with prejudice).

1.24    The County admits the allegations in Complaint paragraph 24.

1.25    The County admits the allegations in Complaint paragraph 25.

1.26    The County admits the allegations in Complaint paragraph 26.

1.27    The County admits the allegations in Complaint paragraph 27.

1.28    The County admits the allegations in Complaint paragraph 28.

1.29    The County admits the allegations in Complaint paragraph 29.

1.30    The County admits the allegations in Complaint paragraph 30.

1.31    The County admits the allegations in Complaint paragraph 31.

1.32    The County admits the allegations in Complaint paragraph 32.

1.33    The County admits the allegations in Complaint paragraph 33.

1.34    The County denies, as pleaded, the allegations in Complaint paragraph 34, but admits that the Sheriff's Department was tasked with preparing and transmitting a "pen packet" to the Texas Department of Criminal Justice.

1.35    The County denies, as pleaded, the allegations in Complaint paragraph 35, but admits that the Sheriff's Department was tasked with preparing and transmitting a "pen packet" to the Texas Department of Criminal Justice.

1.36    The County lacks knowledge or information sufficient to form a belief about the truth of the vague allegations in Complaint paragraph 36, and lacks knowledge or information sufficient to form a belief about what is "unclear" to Plaintiffs.

1.37    Upon information and belief, the County admits the allegations in Complaint paragraph 37.

1.38    Upon information and belief, the County admits the allegations in Complaint paragraph 38.

1.39     The County denies the vague allegations in Complaint paragraph 39.

1.40     The County admits the allegations in Complaint paragraph 40.

1.41     The County admits the allegations in Complaint paragraph 41.

1.42     The County admits the allegations in Complaint paragraph 42.

1.43     The County admits the allegations in Complaint paragraph 43.

1.44     The County admits the allegations in Complaint paragraph 44.

1.45     The County admits the allegations in Complaint paragraph 45.

1.46     The County admits the allegations in Complaint paragraph 46.

1.47     The County admits the allegations in Complaint paragraph 47.

1.48     The County admits the allegations in Complaint paragraph 48.

1.49     The County admits the allegations in Complaint paragraph 49.

1.50     The County admits the allegations in Complaint paragraph 50.

1.51     The County admits the allegations in Complaint paragraph 51.

1.52     The County admits the allegations in Complaint paragraph 52.

1.53     The County admits the allegations in Complaint paragraph 53.

1.54     The County denies, as pleaded, the allegations in Complaint paragraph 54, but admits that the Sheriff's Department was tasked with preparing and transmitting a "pen packet" to the Texas Department of Criminal Justice.

1.55     The County denies, as pleaded, the allegations in Complaint paragraph 55, but admits that the Sheriff's Department was tasked with preparing and transmitting a "pen packet" to the Texas Department of Criminal Justice.

1.56     The County admits the allegations in Complaint paragraph 56.

1.57     The County admits the allegations in Complaint paragraph 57.

1.58     The County admits the allegations in Complaint paragraph 58.

1.59     The County admits the allegations in Complaint paragraph 59.

1.60     The County admits the allegations in Complaint paragraph 60.

1.61     The County denies the vague allegations in Complaint paragraph 61.

1.62     The County denies the allegations in Complaint paragraph 62.

1.63     The County denies the vague allegations in Complaint paragraph 63.

1.64     The County denies the vague allegations in Complaint paragraph 64.

1.65     The County denies the vague allegations in Complaint paragraph 65.

1.66     The County answers as follows with respect to Complaint paragraph 66:

    1.66.1     The County denies the allegations in the first sentence.

    1.66.2     The County denies the allegations in the second sentence, but admits that Dallas County entered into a settlement agreement with Harris to resolve disputed claims, in which the County did not admit liability or fault.

1.67     The County answers as follows with respect to Complaint paragraph 67:

    1.67.1     The County denies the allegations in the first sentence.

    1.67.2     With respect to the second sentence, the County admits that Harris was detained for approximately 104 days after 17 February 2023, and that Harris made inquiries regarding his post-release-date detention.  The County denies that Harris was illegally detained for 104 days after his "legally mandated release date."

1.68     The County admits the allegations in Complaint paragraph 68.

1.69     The County denies, as pleaded, the allegations in Complaint paragraph 69, but admits that the County deployed modifications to its Odyssey software.

1.70     The County is unable to frame an answer to the vague allegations in Complaint paragraph 70, and therefore they are denied.

1.71     The County is unable to frame an answer to the vague allegations in Complaint

paragraph 71, and therefore they are denied.

1.72    The County answers as follows with respect to Complaint paragraph 72:

    1.72.1    The County denies the allegations in the first sentence.

    1.72.2    With respect to the second and third sentences, the County admits that McDowell filed a civil action against the County, and that the County settled McDowell's claims without making an admission of liability.

1.73    The County answers as follows with respect to Complaint paragraph 73:

    1.73.1    The County denies the vague allegations in the first sentence.

    1.73.2    With respect to the second sentence, the County admits that McDowell was detained for approximately 52 days after his nominal 30 June 2023 release date, and that McDowell made multiple inquiries regarding his post-release-date detention. The County denies that McDowell was illegally detained for 52 days after his "legally mandated release date."

1.74    The County admits the allegations in Complaint paragraph 74.

1.75    The County answers as follows with respect to Complaint paragraph 75:

    1.75.1    The County denies the vague allegations in the first sentence.

    1.75.2    With respect to the second and third sentences, the County admits that Dillon filed a civil action in the United States District Court for the Northern District of Texas-Dallas Division, against the County, and that said civil action is pending.

1.76    The County denies, as pleaded, the vague allegations in Complaint paragraph 76, but admits that Dillon was detained for 76 days beyond his nominal 4 May 2023 release date. The County denies that Dillon was illegally detained for 76 days after his "legally mandated release date."

1.77    The County admits the allegations in Complaint paragraph 77.

1.78    The County answers as follows with respect to Complaint paragraph 78:

    1.78.1    The County denies the vague allegations in the first sentence.

    1.78.2    With respect to the second and third sentences, the County admits that Dillon filed a civil action in the United States District Court for the Northern District of Texas-Dallas Division, against the County, and that

said civil action is pending.

1.79    The County denies, as pleaded, the vague allegations in Complaint paragraph 79, but admits that Jackson was detained for 8 days beyond his nominal 26 May 2023 release date. The County denies that Jackson was illegally detained for 8days after his "legally mandated release date."

1.80    The County admits the allegations in Complaint paragraph 80.

1.81    The County answers as follows with respect to Complaint paragraph 81:

1.81.1    The County denies the vague allegations in the first sentence.

1.81.2    With respect to the second and third sentences, the County admits that Molloy filed a civil action in the United States District Court for the Northern District of Texas-Dallas Division, against the County, and that said civil action is pending.

1.82    The County denies, as pleaded, the vague allegations in Complaint paragraph 82, but admits that Molloy was detained for 21 days beyond her nominal 24 May 2023 release date. The County denies that Molloy was illegally detained for 21 days after her "legally mandated release date."

1.83    The County admits the allegations in Complaint paragraph 83.

1.84    The County is unable to frame an answer to the vague allegations in Complaint paragraph 84, and therefore they are denied.

1.85    The County denies the allegations in Complaint paragraph 85, except that the County admits that, as of the date of the filing of this answer, Willis has not filed suit.

1.86    The County denies, as pleaded, the vague allegations in Complaint paragraph 86, but admits that Willis was detained for 46 days beyond her nominal 13 January 2025 release date. The County denies that Willis was illegally detained for 46 days after her "legally mandated release date."

1.87    The County admits the allegations in Complaint paragraph 87.

1.88    With respect to the allegations in Complaint paragraph 88, the County admits that the detentions of individuals other than Plaintiffs arose out of different courts and times, but denies the vague allegation the detentions they resulted in "similar violations" of constitutional rights.

1.89    With respect to the allegations in Complaint paragraph 89, the County admits that different County employees in different County departments were involved in the alleged over-detentions of various jail inmates, but denies that there was a "practice of overdetention" or of violations of County jail inmates' constitutional rights.

1.90    The County denies the allegations in Complaint paragraph 90.

1.91    The County lacks knowledge or information sufficient to form a belief about the truth of the vague allegations in Complaint paragraph 91, but denies that there was—or is—a custom of overdetentions in the Dallas County jail.

1.92    The County denies the vague allegations in Complaint paragraph 92.

1.93    The County denies the vague allegations in Complaint paragraph 93.

1.94    The County denies the vague allegations in Complaint paragraph 94.

1.95    Complaint paragraph 95 merely realleges by reference the preceding paragraphs of the Complaint.  Accordingly, the County answers by repeating by reference its answers and denials to those paragraphs.

1.96    Complaint paragraph 96 does not plead any matters that require an answer or response.  Nonetheless, the County denies that it deprived Plaintiffs of their liberty without due process of law.

1.97    The County denies the allegations in Complaint paragraph 97.

1.98    The County denies the allegations in Complaint paragraph 98.

1.99  The County denies the allegations in Complaint paragraph 99.

1.100  The County denies the vague allegations in Complaint paragraph 100.

1.101  The County denies the vague allegations in Complaint paragraph 101.

1.102  The County is unable to frame an answer to the ungrammatical and nonsensical sentence fragment that comprises Complaint paragraph 102.

1.103  The County denies the allegations in Complaint paragraph 103.

1.104  The County denies the allegations in Complaint paragraph 104.

1.105  The County denies the vague allegations in Complaint paragraph 105.

1.106  The County answers as follows with respect to Complaint paragraph 106:

    1.106.1  Upon information and belief, with respect to the allegations in the first sentence, the County admits that its employees acted under color of state law at all times relevant to Plaintiffs' allegations.

    1.106.2  The County denies the allegations in the second sentence.

1.107  The County answers as follows with respect to Complaint paragraph 107:

    1.107.1  The County admits the allegations in the first sentence.

    1.107.2  With respect to the allegations in the remaining sentences, the County admits that the Dallas County Sheriff was one of the final policymakers relevant to Plaintiffs' § 1983 claims.

1.108  The County answers as follows with respect to Complaint paragraph 108:

    1.108.1  The County denies the allegations in the first sentence.

    1.108.2  The second sentence does not plead any matters that require an answer.

1.109  With respect to the allegations in Complaint paragraph 109, the County denies that Plaintiffs are entitled to any form of damages or relief.

1.110  With respect to the allegations in Complaint paragraph 110, the County denies that Plaintiffs are entitled to any form of damages or relief.

1.111  With respect to the unnumbered paragraph and its subparts that immediately follow

the heading "PRAYER FOR RELIEF," the County denies that Plaintiffs are entitled to any form of damages, judgment, or relief, declaratory judgments, or statutory attorney's fees and costs.

## II.   DEFENSES

2.1   The County pleads that no deprivation of Plaintiff's rights occurred with regard to the matters about which Plaintiffs complain.

2.2   The County pleads that on the occasion in question, no official policy, custom, or practice of the County was the actual or proximate cause of any deprivation of Plaintiffs' rights, or of  damages to Plaintiffs.

2.3   The County pleads that the alleged injuries of which Plaintiffs complain were not proximately caused by any constitutionally defective official policy, custom, or practice of the County.

2.4   The County pleads that, as a matter of federal law, the County cannot be held vicariously liable for negligent or grossly negligent acts of its agents, servants, and/or employees.

2.5   The County pleads that it cannot be liable to Plaintiffs, or to any of them, under federal law, including particularly § 1983, under a theory of respondeat superior.

2.6   The county pleads that no deprivation of Plaintiffs' rights occurred with regard to the matters about which Plaintiffs complain.

2.7   The County pleads that it does not have an official policy, the application of which deprived Plaintiffs of any federally secured rights, and that the County's relevant final policy-maker(s) was/were not deliberately indifferent to Plaintiffs' federally secured rights, as Plaintiffs allege in the Complaint.

2.8   The County pleads that it adequately trained its employees, that any alleged failure to adequately train its employees did not deprive Plaintiffs of any federally secured rights, and that

the County's relevant final policymaker(s) was/were not deliberately indifferent to Plaintiffs' federally secured rights, as Plaintiffs allege in the Complaint.

2.9     The County pleads that it adequately supervised its employees, that any alleged failure to adequately supervise its employees did not deprive Plaintiffs or either of them of any federally secured rights.  Further, the County pleads that the County's relevant final policymaker(s) was/were not deliberately indifferent to any known or obvious risk of a deprivation of either Plaintiff's federally secured rights, as Plaintiffs allege in the Complaint.

2.10     The County pleads that it cannot be liable to Plaintiffs or to either of them on Plaintiffs' federal claims because no underlying constitutional violation(s) occurred.  Without such an underlying constitutional violation, Plaintiffs suffered no constitutional injury.  The County, therefore, cannot be held liable based on a theory that its policy or custom caused a constitutional injury because, without a constitutional injury, the existence of a policy or custom, if any, is irrelevant.

## III.     DEMAND FOR JURY TRIAL

3.1     As permitted by Federal Rule of Civil Procedure 38, the County demands a jury trial as to all issues that may be submitted to a jury.

## IV.     REQUEST FOR RELIEF

WHEREFORE, the Defendant Dallas County, Texas, requests that the Court deny all relief requested by Plaintiffs; dismiss with prejudice Plaintiffs' claims against it, render judgment that Plaintiffs take nothing from this action and award the County judgment against Plaintiffs and in favor of the County for the County's attorney's fees and costs; and that the Court grant the County all relief to which the County is entitled.

Respectfully submitted,

JOHN CREUZOT
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

s/ Jason G. Schuette
Assistant District Attorney
Texas State Bar No. 17827020
jason.schuette@dallascounty.org

Joseph W. Spence
Assistant District Attorney
Texas State Bar No. 18913500
joseph.spence@dallascounty.org

Civil Division
Dallas County Records Building
500 Elm Street, Suite 6300
Dallas, Texas  75202
Telephone:     214.653.2798
Telecopier:    214.653.6134

ATTORNEYS FOR THE DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on 24 March 2026, I caused the foregoing document to be electronically filed with the clerk of court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court, as permitted by Federal Rule of Civil Procedure 5(b)(2)(E).  The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who has consented in writing to accept this Notice as service of this document by electronic means.  Therefore, the County has complied with Federal Rule of Civil Procedure 5(a)(1).

s/ Jason G. Schuette
Assistant District Attorney